STATE on the relation of JACOB P. GOODMAN and others *v.* M. L. S. GOODMAN, Ex'r. and others.

Where after the death of an administrator and before the appointment of an administrator *de bonis non*, the next of kin brought an action upon the administration bond: *Held*, that the estate was in abeyance, and neither the next of kin nor any one else except an administrator *de bonis non*, had a right of action against the bond of the original administrator.

In such case, after action brought, the Superior Court has no power to amend the pleadings by striking out the names of the relators and inserting that of an administrator *de bonis non* subsequently appointed.

(*State* v. *Britton*, 11 Ired. 110; *Davis* v. *Evans*, 5 Ired. 255; *State* v. *Johnston*, 8 Ired. 381, cited and approved.)

CIVIL ACTION, upon the bond of an administrator by next of kin, tried before *Schenck, J.*, at the Fall Term, 1874, of CABAR-RUS Superior Court.

At the commencement of the suit, there was no administrator *de bonis non* on the estate of first intestate, and none was appointed until the trial term of the Court, when the plaintiff was appointed by the Probate Judge.

At the return term of the writ, the plaintiffs' counsel moved to strike out the relators from the complaint and insert

the name of the administrator *de bonis non*, when he should be appointed. This motion was continued until the trial term, when it was renewed after the plaintiff was appointed.

This motion the Court allowed and the defendants appealed.

*Bailey* and *Montgomery*, for appellants.
*Craige & Craige*, contra.

BYNUM, J. This is an action on the administration bond of Elizabeth Goodman, who was the widow and administratrix of Levi Goodman, and had died, leaving the estate of the intestate, not fully administered. This action was begun by the next of kin of Levi Goodman, upon the bond of Elizabeth, deceased, to recover their distributive share of the estate of Levi Goodman.

The action was commenced in May, 1874, and at that time, there was no administrator *de bonis non*, upon the estate of Levi Goodman. At the return term, the defendants filed a demurrer to the complaint, for want of parties plaintiff, and at the same term, the plaintiffs moved for leave to amend by making the administrator *de bonis non*, a party plaintiff, when one should be appointed. This motion was continued to the Fall Term, 1874, at which term, the Court of Probate appointed Michal Goodman administrator *de bonis non*, and by the order of the Court, he was made a party plaintiff and the pleadings were allowed to be amended so as to conform thereto; from which order the defendants appealed. In the case of the *State* v. *Johnston*, 8 Ired. 381, it was held that where an administrator dies without having fully administered the estate of his intestate, an action will not lie by one of the next of kin for his share of the estate, against his administrator, but must be brought by the administrator *de bonis non*, of the original intestate. So in the *State* v. *Britten*, 11 Ired. 110, a case precisely like the present, where the next of kin brought their action upon the bond of the deceased administrator, it was held that the action would not lie, but must be brought by the ad-

ministrator *de bonis non.* This seems to be conceeded by the plaintiffs, and to cure the defect of parties they were allowed to amend as before stated. Had the Court the power to allow the amendment?

The power of an executor is derived from the will, while that of an administrator is derived from his letters of administration. An executor can bring an action before probate, but an administrator can do no act and bring no action, until his appointment. Until the appointment of an administrator *de bonis non,* of the original intestate, Levi Goodman, the estate was in abeyance, and neither the next of kin or any one else, had a right of action against the defendants. 1. *Williams on Ex'rs.* 353. It is clear that for particular purposes, letters of administration, have relation back to the death of the intestate; as for example, the administrator may have an action of trespass or trover for goods of the intestate taken by one, before letters granted ; but certainly, he could bring no action before he acquired title, and before he had an existence, even, as an administrator, for it is a universal rule of pleading, that a party must have a right before he begins his action. An action on a title by relation, is one thing, and an action begun without any title, at all, is another. The powers of amendment vested in our Courts by the Code, are quite extensive, but the decided cases here or elsewhere, do not go the length claimed by the plaintiffs. In the Chancery case of *Humphrey* v. *Humphrey,* 3 P. Wm. 351, after bill filed by the next of kin—LORD TALBOT allowed the bill to be amended, by making the administrator, a party plaintiff, although he had been appointed, pending the suit, but it was placed upon the ground, that the bill was for an account, and the next of kin were entitled to an account, although the administrator was a necessary party for complete relief. That case is unlike this, that here, the next of kin are improper parties, and are entitled to no account, or other relief in this action upon administration bond. The sole right of action is in the administrator, *de bonis non.* In the subsequent case of *Brown*

*Higden*, 1 Atk. 291, before *Lord Hardwicke*, before the cause was heard, the defendant, administratrix, died and her husband took out letters *de bonis non*, upon which the plaintiff amended his bill against the husband, to which amendment, the defendant demurred. There the plaintiff cited the case 3 P. *Wm.* where the bill charged by way of amendment, matters which arose after filing of the bill. But the *Lord Chancellor* said: " I am of opinion the demurrer ought to be allowed, *for I take it to be the constant rule, that matters subsequent to the original bill, must come by way of supplemental bill and review.*" And such seems to be now, the settled law, in England. In this State the point is substantially settled in the same way, in the case of *Davis* v. *Evans*, 5 Ired. 525. That was an action of ejectment, one count of which was on a sheriff's deed executed after action begun, on a sale made before the suit was commenced. It was there held, that " whatever relation to the time of sale, a conveyance from the sheriff, may have for some purposes, it cannot be carried to the extreme of proving the title in an action that was brought before the deed was made." This case would seem to dispose of the question. The suit was begun by the next of kin who had no right of action, and the attempt is to make that good, by adding as a party, a person, who himself, had no existence and no right of action, when the suit was commenced.

Suppose the amendment is allowed, would the administrator be bound by depositions previously taken in the cause, or by an account taken, or for costs improperly incurred? Or could the defendants hold the administrator to any admissions or agreements of the plaintiffs, made in the progress of the cause? It is perfectly clear that the rights and duties of the administrator *de bonis non*, are distinct from and independent of those of the next of kin, and may be totally adverse. His duty is to hold all at arms length, to reduce the estate into possession and to administer it in due course of law. The plaintiffs, being the next of kin, could make no demand on the defendants, for they owed no duty to them; nor could the defendants

make any settlement of the estate before the action, for there was no legal representative of the estate to receive payment or to discharge them. They were therefore, sued when they were in no default to the plaintiffs, and when no person existed who could legally make a demand or give a discharge. The power of amendment cannot go to that extent.

There is error. The order is reversed, the demurrer allowed, and the action is dismissed.

PER CURIAM.                              Action dismissed.