D. D. COLGROVE and others v. ELLEN KOONCE and others.

*Parties -- Action to Recover Real Estate.*

In an action for the recovery of real estate, a third person who claims title paramount and adverse both to plaintiff and defendant, should not be permitted under §§ 61 and 65, C. C. P. to make himself a party to the action.

(*Wise* v *Wheeler*, 6 Ire. 196, and *Smitherman* v. *Saunders*, 70 N. C. 270, cited and approved.)

MOTION in an ACTION to recover the possession of Real Estate brought by D. D. Colgrove against the defendant Koonce, the party in possession, to the Superior Court of JONES County, heard by *Seymour, J.* and transmitted to this Court in obedience to an order for a *Certiorari* dated June 10, 1876.

The case as stated by His Honor is as follows :

"At Spring Term, 1873, Isler was made a party defendant upon his own motion and filed an answer in the case at ———— Term of said Court. At Spring Term, 1875, a motion was made by all parties, excepting Isler, to strike out the name of Isler upon the ground that his claim to the land had no connection with the controversy between Colgrove and Ellen Koonce. This motion was continued until Fall Term, 1875, at which Term the plaintiff Colgrove withdrew from the motion which was however, insisted on by defendant Koonce. Upon the hearing of the motion, Isler

offered to prove that he claimed under one J. C. B. Koonce, the deceased husband of defendant Ellen Koonce. This evidence was rejected and the motion to strike out allowed."

Appeal by defendant Isler.

*Mr. A. G. Hubbard*, for plaintiffs.
*Messrs. Green & Stevenson* and *S. W. Isler* for defendants.

RODMAN, J. This is an action to recover land. During its pendency Isler moved to be made a party defendant without setting forth, so far as appears on record, any claim to the land or any reason why he should be made defendant. The motion was allowed and Isler filed an answer, in which he claimed a title paramount and adverse to both plaintiff and defendants. At a subsequent term the original defendants moved to supersede the order by which Isler was allowed to become a party defendant. The Judge granted the motion and Isler appealed to this Court. By the law prior to the Code of Civil Procedure, no person but one claiming to be the landlord of the tenant in possession (the defendant in the action of ejectment) had a right to be made defendant without the consent of the plaintiff. *Wise* v. *Wheeler* 6 Ire. 196. By C. C. P. § 61, the landlord may be joined as a defendant; "and any person claiming title or right of possession to real estate may be made party plaintiff or defendant as the case may require."

It seems to us that this section applies only when the person applying to be made a party is connected in interest with one or the other of the original parties and not when he claims adversely to both. As, for example, if he claims to be a co-tenant with the plaintiff, or in privity with the defendant or a common possession with them. Section 65 says: "The Court * * * * may determine any controversy before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a

complete determination of the controversy cannot be had. without the presence of other parties, the Court *must* cause them to be brought in.   And when in an action for the re– covery of real or personal property, a person not a party to the action but having an interest in the subject thereof,. makes application to the Court to be made a party it may order him to be brought in by the proper amendment." It. is clear that Isler does not come within the first paragraph of this section.   It is not necessary to pass on his claim in order to a complete determination of the controversy be– tween the original parties.

It is equally clear that he does come within the terms of the second paragraph, and in such case it is discretionary with the Court to order him to be made a party or not, ac– cording to the nature of his claim and the circumstances of the case.

Isler may now sue the present defendants or any others who may be in possession when he brings his suit.

The considerations therefore which must determine the discretion of the Judge in deciding whether he will leave Isler to his separate action or make him a party to the present action, seem to be whether justice would be further– ed and circuity of action prevented by making him a party; in other words would it be convenient in the legal sense.

If he were made a party plaintiff and the plaintiffs recov– ered, the right to the possession would still be undetermined between him and the original plaintiff.   Or else it would be necessary in the course of the trial to decide upon the re– spective rights of the co-plaintiffs, thus having a trial within a trial and making a multiplication of issues likely to con– fuse a jury.   This we think would not be convenient.

If he were made a defendant and the plaintiff should re– cover, his rights would be determined along with those of his co-defendants.

· , If, however, the defendants should have judgment, it would still remain to be determined whether he or the original defendants was entitled to the possession.

We are unable to perceive therefore how any convenience would be attained by allowing Isler to become a party to the present action. His claims will not be prejudiced by its result whatever that may be, nor are they by its pendency. These views are substantially those held in *Smitherman* v. *Saunders*, 70 N. C. 270.

The Judge did not err in excluding Isler.

PER CURIAM.                              Judgment affirmed.