W. T. STEPHENSON, Administrator v. W. W. PEEBLES.

*Executors and Administrators--Parties--Practice.*

1. A instituted an action against the defendant and died pending the same; his administrator was made party plaintiff and died ; an administrator *d. b. n.* was appointed who declined to further prosecute the action ; thereupon B files an affidavit in the cause, setting forth that the action was originally brought by A for his use and asking to be made a party plaintiff and to be allowed to use the name of the administrator *d. b. n.* in the prosecution of the action ; B thereafter died and his administrator renewed the application; *Held,*
   (1) That the administrator of B should not be made party plaintiff ;
   (2) That upon his filing proper indemnity to secure the costs, he was entitled to have the administrator *d. b. n.* made party plaintiff and the action prosecuted in his name.

2. In such case, where the original administrator died in March and the application by B to be made party plaintiff was made in December following ; *Held,* that it was in apt time.

MOTION in the Cause heard at Spring Term, 1877, of NORTHAMPTON Superior Court, before *Buxton, J.*

Upon the death of the intestate, Samuel A. Warren, W. T. Stephenson was appointed his administrator and made a party plaintiff. Upon Stephenson's death (pending the action) R. B. Peebles, Esq., was appointed administrator, *d. b. n.,* but refused to become a plaintiff in the action. The defendant thereupon moved that the action abate ; and William Grant, the administrator of Edmund Jacobs, for whose benefit the original action was alleged to have been brought, applied to be made a party plaintiff. His Honor allowed the application of Grant, and also a rule on R. B. Peebles to show cause why he should not be made a co-plaintiff. The defendant's motion that the action abate was refused. From which ruling the defendant appealed.

*Messrs. D. A. Barnes* and *W. N. H. Smith*, for plaintiff.
*Messrs. R. B. Peebles* and *J. B. Batchelor*, for defendant.

FAIRCLOTH, J.   This action was commenced by Samuel A.
Warren, who died, and an administrator on his estate was
made plaintiff, upon whose death an administrator *de bonis
non* was appointed on said estate.   The administrator *d. b. n.*
declines to prosecute the action and refuses to be made party
plaintiff.

After the death of Warren's administrator, one Edmund
Jacobs filed an affidavit in the cause, setting forth that the
action was originally instituted for the sole use and benefit
of him, the said Jacobs, and that Warren had no interest in
the recovery except as trustee for said Jacobs, and prayed
to be made party plaintiff, and to be allowed to use the
name of Warren's administrator *d. b. n.*, for the purpose of
prosecuting the action, and proposed to conduct the suit and
assume all responsibility for the costs.   After his death, his
administrator renews and urges the same application by an
affidavit substantially the same as Jacobs'.

Upon this motion the case is before us and we neither ex-
press nor intimate any opinion on the merits of the contro-
versy.   For the purposes of this motion we must assume
that Jacobs' allegation is true, in order that he may have an
opportunity to be heard; and we think on this assumption
that the refusal of Warren's administrator to be made a
party, should not be allowed to deprive Jacobs' representa-
tive of an opportunity for an investigation into the merits
of the controversy between plaintiff and defendant, on the
conditions proposed by the administrator of Jacobs.

It is our opinion that the administrator of Jacobs should
not be made party plaintiff, as it would introduce unneces-
sary confusion in the case, and that part of His Honor's order
is reversed.

It is also our opinion that upon filing an indemnity with

the Clerk in this case, to be approved by him, against the costs of the action, he is entitled to have the administrator of Warren made a party plaintiff, and to be allowed to prosecute said action in his name, and in this respect the order made below is affirmed.

We concur with His Honor in refusing to allow the action to abate on defendant's motion. The administrator died in March, 1876, and in December following, Jacobs applied by affidavit and motion to have the succeeding administrator made a party, and there is no grounds on which it should abate. The refusal of the administrator *d. b. n.* to come in as a party, cannot have the effect to deprive others of their rights, which were demanded in proper time.

. This opinion will be certified and the case remanded for further proceedings; each party to pay his own costs in this Court.

PER CURIAM.                    Judgment accordingly.