NANCY HAM v. W. F. KORNEGAY and others.

*Parties—Executors and Administrators.*

Where an administrator dies without having fully administered his intestate's estate, an action will not lie by the next of kin for distribution against his administrator, but must be brought by an administrator *de bonis non* of the original intestate.

(*Latta* v. *Russ*, 8 Jones, 111; *Lansdell* v. *Winstead*, 76 N. C., 366; *State* v. *Johnston*, 8 Ired., 331; *State* v. *Britton*, 11 Ired., 110; *Taylor* v. *Brooks*, 4 Dev. & Bat., 143; *Goodman* v. *Goodman*, 72 N. C., 508, cited and approved.)

CIVIL ACTION heard upon complaint and demurrer at Spring Term, 1881, of WAYNE Superior Court, before *Graves, J.*

The plaintiff in her complaint alleged substantially as follows: That she is the widow and one of the distributees in the estate of Haywood Ham, who died intestate in the year 1868, and Henry B. Ham qualified as his administrator. That the defendant W. F. Kornegay and W. G. Hollowell were the sureties to his administration bond. That the plaintiff is also the widow of Henry B. Ham with whom she intermarried after the death of her first husband. That H. B. Ham settled the estate of his intestate Haywood Ham, and made a final return to the probate court showing a

balance in his hands of $5,886.29. That this balance was due to her and Robert H. Ham and W. H. Ham, the children of Haywood Ham, as his next of kin, the one third, to-wit, $1,960.43 to each. That the two children have received their distributive shares, leaving the distributive share due the plaintiff still unpaid. That Henry B. Ham died April 15th, 1879, leaving a last will and testament from which the plaintiff dissented, and the defendant W. F. Kornegay was duly appointed and qualified as administrator with the will annexed. That no administrator *de bonis non* on the estate of Haywood Ham has been granted, and that a considerable personal estate has come to the hands of the defendant as administrator of Henry B. Ham who died seized of a large real estate in said county.

The plaintiff demanded judgment against the defendants for the penal sum of $30,000, the amount of the administration bond to be discharged on paying $1,960.43 with interest, &c.

The defendants demur to the complaint upon the ground that it appears from the face thereof,

1. That there is a defect of parties, in that, the administrator *de bonis non* of Haywood Ham should be a party plaintiff.

2. That the plaintiff has not the legal capacity to sue, she not being the administratrix *de bonis non* of Haywood Ham.

3. That the amount claimed by the plaintiff is her distributive share in the estate of Haywood Ham deceased, which remained in the hands of H. B. Ham, (the defendant Kornegay's intestate,) as administrator of said estate unadministered at the time of his death, and the plaintiff sues as a distributee in the estate of Haywood Ham.

The demurrer was sustained by the court and judgment given against the plaintiff for costs. From which judgment the plaintiff appealed.

*Messrs. Gilliam & Gatling,* and *Faircloth,* for plaintiffs.
No counsel for defendant.

ASHE, J.   This suit is against the defendant W. F. Kor-
negay, administrator of H. B. Ham and the other defend-
ants, who are the sureties on the official bond of said H. B.
Ham as administrator of Haywood Ham, deceased, to re-
cover a distributive share in the estate of the said Haywood,
due to the plaintiff as one of the distributees as shown by
the final account of said H. B. Ham, as administrator, re-
turned to the probate court of the county of Wayne.

There have been so many adjudications in this state upon
this point, that there is no proposition of law better settled
than that where an administrator dies without having fully
administered the estate of his intestate, an action will not
lie by the next of kin for distribution against his adminis-
trator, but must be brought by an administrator *de bonis non*
of the original intestate; and the reason is, there is no
privity between the next of kin of the intestate and the per-
sonal repsesentative of the deceased administrator, but there
is a privity between them and an administrator *de bonis non.*
*Latta* v. *Russ,* 8 Jones, 111.

An administration is never complete so long as there are
debts uncollected or assets remaining in the hands of the
administrator for distribution.   It is the duty of an admin-
istrator to collect the assets, pay the expenses of his admin-
istration, discharge the debts of his intestate, and make a
final distribution among the next of kin of his intestate.
If an administrator dies before this is done, his adminis-
tration is unfinished and an administrator *de bonis non* must
be appointed to finish his administration, and so on *ad in-
finitum,* until a final and completed distribution of the estate.
*Lansdell* v. *Winstead,* 76 N. C., 366.

The facts in the case of *State* v. *Johnson,* 8 Ired., 331, were
very similar to those in this case.   There, one Baldwin died
intestate, leaving a widow and brother who were entitled to

---

---

his personal estate.   Letters of administration were granted to one Bennett who gave bond, and after paying the debts of his intestate and the widow her third, had in his hands a considerable sum unadministered.   Bennett died, and an action was brought on the administration bond by the brother, to recover his distributive share, and Judge NASH, who delivered the opinion of the court, said : " The administrator alone is recognized as legally entitled to the assets, and to him must the creditors and next of kin look.   If he dies before these ends are attained, an administrator *de bonis non* must be appointed, and to him the like rights, duties and responsibilities attach, and so on as often as the representative dies without closing his administration, and the action at law to collect the unadministered assets must be brought in the name of the administrator *de bonis non,* and not in that of the next of kin.   See also *State* v. *Britton,* 11 Ired., 110; *Taylor* v. *Brooks,* 4 Dev. & Bat., 143; *Goodman* v. *Goodman,* 72 N. C., 508.   In the case of *Landsdell* v. *Winstead, supra,* Judge BYNUM said : " The rule is inflexible that the next of kin cannot call for an account and distribution of an intestate's estate without having an administrator before the court."

There is no error.   The judgment of the superior court is affirmed.

No error.                                        Affirmed.