A. M. McDONALD v. B. J. MORRIS and others.

*Parties.*

In an action by the plaintiff upon the defendant's bond to recover purchase money of land, a third person claiming title to the land adverse to the plaintiff is not a proper or necessary party. THE CODE, §§184, 189, construed by MERRIMON, J.

(*Colgrove* v. *Koonce*, 76 N. C., 363; *Wade* v. *Sanders*, 70 N. C., 277, cited and approved).

CIVIL ACTION tried at Spring Term, 1882, of MOORE Superior Court, before *Shipp, J.*

The plaintiff brought this action to fall term, 1876, of the superior court of Moore county against the defendant B. J. Morris, to recover the money specified in a bond dated the 6th day of March, 1874, for $617.

The defendant admitted in his answer the execution of the bond and that the same had not been paid; but set up as a defence to the plaintiff's cause of action, that the bond was given for the purchase money for a tract of land specified in his answer; that the plaintiff had no title thereto; that the deeds under which he derived title from one Mary Matthews were void, and the title was in the heirs-at-law of Mary Matthews.

At spring term, 1879, of the court, at the instance of the defendant Morris, the court made the heirs-at-law of Mary Matthews parties defendant, and they likewise filed an answer to

the complaint of the plaintiff, in which they, in support of the defence of the defendant Morris, alleged that the plaintiff had no title to the land mentioned; that his two deeds therefor, purporting to be made by their ancestor, Mary Matthews, were void, because of her mental incapacity to execute them, and that the title to the land was in them; and they demanded judgment that the deeds held by the plaintiff purporting to be executed by Mary Matthews, their ancestor, be delivered up to the court and cancelled, and that the court decree the title to be in them.

At the time the order was made making the said heirs-at-law parties defendant, the plaintiff objected thereto, and insisted that they were in no respect necessary or proper parties to this action, and, at the trial, he again so insisted. The court overruled his objection, and held that they were properly made parties, and the plaintiff excepted. A trial was had; several issues were submitted to the jury growing out of the answers of the defendant Morris and the said heirs-at-law; upon the verdict of the jury, the court gave judgment for the defendants that the plaintiff did not have title to the land; that his deeds therefor, purporting to be deeds executed by Mary Matthews, were void; that the plaintiff could not make title to defendants for the land, and that the plaintiff surrender the bond sued upon, to be cancelled; and that the defendants go without day and recover costs. Thereupon the plaintiff appealed to this court.

*Messrs. Hinsdale & Devereux* and *John Manning*, for plaintiff.
*Messrs. W. A. Guthrie* and *W. E. Murchison*, for defendants.

Merrimon, J., after stating the above. Broad and comprehensive as are the provisions of The Code (§§184 and 189), allowing and requiring additional parties to be made to an action, we do not think that a proper construction of them would, in any aspect of this case, allow or require the heirs-at-law of Mary Matthews to be made parties defendant, or indeed, parties at all.

McDonald v. Morris.

The statute contemplates that all persons necessary to a complete determination of the controversy, the matter in litigation, and affected by the same in some way, as between the original parties to the action, may, in some instances, and must in others, be made parties plaintiff or defendant. But it does not imply that any person who may have cause of action against the plaintiff alone, or cause of action against the defendant alone, unaffected by the cause of action as between the plaintiff and defendant, may or must be made a party. It does not contemplate the determination of two separate and distinct causes of action, as between the plaintiff and a third party, or the defendant and a third party, in the same action. It is only when, as between the original parties litigant, other parties are material or interested, that it is proper to make them parties. *Colgrove* v. *Koonce*, 76 N. C., 363; *Wade* v. *Sanders*, 70 N. C., 277.

As between the plaintiff and the defendant Morris the heirs-at-law of Mary Matthews have no interest whatever. They have no interest in *this* controversy adverse to the plaintiff; they are not necessary to a complete determination or settlement of the questions involved therein.

This is not an action to recover the possession of real estate, but is an action to recover a certain sum of money due upon a bond, and the question whether the plaintiff has title to the land mentioned is a collateral one. The court can determine the controversy before it between the original plaintiff and defendant without prejudice to the heirs-at-law of Mary Matthews, and a complete determination of the matter in litigation can be had without their presence. Nor is this an action for the recovery of either real or personal property, in which a third party having an interest therein may ask to be made a party. Nor is it an action upon a contract, or for specific real or personal property, wherein a defendant may, at any time before answer and upon affidavit, suggest that a person, not a party to the action and without collusion with him, makes against him a demand for the same debt or property, and have such person made a party in

McDonald *v.* Morris.

substitution for himself. These are the several respects specified in the sections of THE CODE cited above, in which additional parties may be made to an action, and none of them apply to this case.

However the court may decide any question, whether for the plaintiff or the defendant Morris, in the absence of the heirs of Mary Matthews, they cannot be prejudiced or affected in any way, because they are in no respect essential parties in this litigation.

It was asked in the argument here, what injury has the plaintiff sustained by reason of the presence in the action of the heirs, admitting that they were not necessary parties.

It is sufficient to say, the law does not allow unnecessary and improper parties to be brought into an action. The plaintiff has the right to have his action tried upon its merits, uninfluenced and unaffected by persons who have no concern with it. How far in this case the plaintiff suffered detriment, in a variety of ways that might easily be suggested, by the active participation of a great number of heirs-at-law anxious to establish their own right to the land, it is impossible to determine. They seem to have been very active, and their purpose seems to have been to try a lawsuit between the plaintiff and themselves, entirely distinct and separate from this action. They may have a cause of action against the plaintiff, and about the land mentioned in the pleadings; but their right in this respect is unaffected, and will remain so by this litigation; and the rights of the plaintiff and defendant can be completely settled without their presence in this action.

There are numerous exceptions to the rulings of the court, specified in the record, but we need not pass upon them, as we hold that on the one considered, the plaintiff is entitled to a new trial.

There is error, and a new trial must be awarded to the plaintiff, and it is so ordered. Let this be certified.

Error.                                                 *Venire de novo.*

In same case upon defendants' appeal:

MERRIMON, J.    This is the appeal of the heirs-at-law of Mary Matthews, in the case decided at this term between the same parties, in which a new trial was awarded to the plaintiff. The appellants in this appeal prayed the court to adjudge and decree that the deeds, under and by virtue of which the plaintiff claimed to derive title from Mary Matthews, their ancestor, were void, and that these deeds be surrendered by the plaintiff to the court, and that the same be cancelled.

The court declined to grant the prayer of the appellants; but gave judgment as to them, that they go without day, and recover costs from the plaintiff.

In the plaintiff's appeal we have decided that the appellants in this appeal were not necessary or proper parties to the action; that they were improperly made parties, and that the plaintiff was entitled to a new trial.

As they were not proper parties, and as the litigation which they sought to have with the plaintiff was not in any respect germane to the action, the court properly declined to grant their prayer.    There was no action between them and the plaintiff that entitled them to the relief demanded.

There is no error.    Judgment affirmed.    Let this be certified.

No error.                                    Affirmed.