UNIVERSITY OF N. C. v. W. H. HUGHES, Ex'r, and others.

*Executors and Administrators—Parties—Account.*

1. Where an administrator dies before he settles the estate of his intestate, an administrator *de bonis non* must be appointed to complete the administration, and the latter is the proper party plaintiff or defendant in an

action to recover the assets or effect a settlement of the estate of the first intestate.

2. The personal representative of a deceased administrator holds the unadministered assets of the first intestate for no other · purpose than to turn them over to the administrator *de bonis non.*

3. An account of an administrator audited by commissioners appointed for that purpose, whose report was returned to court and recorded, is not a conclusive settlement of the estate. The next of kin are not bound by it, and the administrator himself may, in a proper case, explain or correct it.

(*Goodman* v. *Goodman*, 72 N. C., 508; *Lansdell* v. *Winstead*, 76 N. C., 366; *Ham* v. *Kornegay*, 85 N. C., 119; *Wood* v. *Barringer*, 1 Dev. Eq., 67; *Villines* v. *Norfleet*, 2 Dev. Eq., 167; *Walton* v. *Avery*, 2 Dev. & Bat. Eq., 405, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of NORTHAMPTON Superior Court, before *Shepherd, J.*

The suit was brought on the bond of an administrator to recover a sum alleged to be due the plaintiff University as an undistributed surplus unclaimed by creditors, next of kin, or otherwise. The issues having been found in favor of the plaintiff, the court gave judgment accordingly, and the defendant appealed, assigning for error among other things that no administrator *de bonis non* had been appointed on the estate of John Lee, deceased.

*Mr. R. B. Peebles,* for plaintiff.

*Messrs. Thomas W. Mason, W. Bagley* and *S. J. Calvert,* for defendant.

MERRIMON, J.    John Lee, an alien, died intestate in the year 1863, in the county of Northampton, and Samuel Calvert was appointed his administrator. At December term, 1865, of the court of pleas and quarter sessions of that county, commissioners were appointed to audit his account as administrator, and make report to the next term of the court. At March term, 1866, the commissioners made and filed their report, showing a balance in the hands of the administrator of $3,990.35 in Confederate money. This report was ordered to be "certified and recorded."

This action was brought by the plaintiff in pursuance of the statute (THE CODE, §1504), against the said administrator and the sureties upon his bond, demanding judgment for the penalty of the bond to be discharged upon the payment of $306.69, the alleged value of the Confederate money, and the interest thereon.

Pending the action, Samuel Calvert, the administrator, died, leaving a last will and testament, and the present defendant, W. H. Hughes, duly qualified as executor thereof, and became a party to this action.

The plaintiff entered a *nolle prosequi* as to the defendant sureties, upon the bond sued on.

The defendant insists that his testator having died pending the action, the plaintiff cannot recover therein, because the fund in the hands of his testator as administrator of Lee, remained in his hands as executor only for the administrator *de bonis non* of Lee, and the latter alone was entitled to have the same, and he alone could maintain an action therefor, if indeed such fund had any existence, which was denied.

It has been decided in numerous cases in this state, that if an administrator die before he completely settles the estate of his intestate, and distributes the surplus thereof among the next of kin, an administrator *de bonis non* must be appointed to complete the administration, and therefore the next of kin cannot call for an account and distribution of an intestate's estate, not so settled, in the hands of the administrator or executor of an administrator. In such case, the estate must pass into the hands of the administrator *de bonis non*, and to him the next of kin must look for their distributive shares. *Goodman* v. *Goodman*, 72 N. C., 508; *Lansdell* v. *Winstead*, 76 N. C., 366; *Ham* v. *Kornegay*, 85 N. C., 119.

In *Lansdell* v. *Winstead*, *supra*, Mr. Justice BYNUM said: "An administration can be effected only by collecting the assets, paying the debts, and making a final distribution of the surplus among the next of kin. If an administrator dies before this is done, an administrator *de bonis non* must be appointed, and so on

*ad infinitum*, until a final settlement and distribution of the estate are made." \* \* . \* "The rule is therefore inflexible, that the next of kin cannot call for an account and distribution of an intestate's estate, without having an administrator before the court."

So that, the rule is, there must be an administrator while anything remains to be done; and in the case of a deceased administrator, an administrator *de bonis non*, who alone can have the legal title to the property, must be charged therewith, and held to account therefor.

But it is insisted, that in this case the administrator of Lee, the testator of the present defendant, had made a final settlement, and nothing remained to be done. This is a misapprehension. He had not paid the surplus to the plaintiff, if there were surplus, as he was required by statute to do, in the absence of next of kin; indeed he had declined to do this; denied his liability; suit had been brought against him, and he was contesting the right of the plaintiff.

The University stands upon no better footing than next of kin. In *Ham* v. *Kornegay, supra*, as in this case, the administrator had settled the estate of his intestate, and made final report to the probate court, showing a balance in his hands; and two of the three next of kin had received their distributive shares from the administrator, and the latter having died, the third brought suit upon the administrator's bond to recover her share. The court held that she could not maintain her action, that the administrator *de bonis non* of the intestate of the first administrator alone was entitled to sue upon the bond of the first administrator, and the next of kin must look to him for their distributive shares, and not to the administrator of the first administrator.

The plaintiff's counsel in his argument laid much stress on the fact that commissioners had been appointed to audit the accounts of the administrator; they had taken the account, made report, and the court had ordered the "settlement to be certified

and recorded." This settlement had no conclusive effect. The next of kin, if there had been such, would not have been bound by it, nor was the plaintiff, in the absence of next of kin; and the administrator himself might in a proper case explain and correct it. *Wood* v. *Barringer*, 1 Dev. Eq., 67 ; *Villines* v. *Norfleet*, 2 Dev. Eq., 167; *Walton* v. *Avery*, 2 Dev. & Bat. Eq., 405.

The plaintiff brought this action to recover a fund in the hands of the testator of the present defendant, an administrator of Lee. While the administrator lived, the action could be maintained ; the alleged fund was in his hands as administrator, undisposed of; he could manage, control and do what he ought to do about the same. When he died, his administrator or testator held the fund, not for distribution, nor for the plaintiff, nor for any purpose, except to turn the same over to the administrator *de bonis non* of Lee *when* he should be appointed. When the administrator, the testator of the defendant, died, the plaintiff's right of action against him ceased. The right to the fund passed into the hands of the administrator *de bonis non*, and he alone had the right to sue·for it. If there was no such administrator, as it seems there was not, the fund remains in abeyance, and will continue to do so until one shall be appointed. *Goodman* v. *Goodman, supra.*

When the present defendant was brought into the action, it was competent for him to set up the defence that the plaintiff is not entitled to maintain the action against him as executor. When a new party is brought into the action, he has the right to make the defence open to him by any proper pleading.

We think it clear that the plaintiff cannot maintain this action against the defendant executor, certainly not in the absence of the administrator *de bonis non* of Lee.

This is conclusive against the plaintiff, and we need not consider the other exceptions specified in the record.

There is error. The judgment must be reversed and the action dismissed. Judgment accordingly.

Error.                                        Action dismissed.