WILLIAM H. HARDY v. THOMAS J. MILES.

*Executors and Administrators—Parties.*

1. Where an executor dies leaving unadministered assets in his hands, the administrator *de bonis non* of the testator must be made a party to an action against the representative of the deceased executor, in which the next of kin or legatees seek a settlement of the estate.

2. If such administrator refuse to join as plaintiff, he may be made a party defendant.

(*University* v. *Hughes*, 90 N. C., 537; *Ham* v. *Kornegay*, 85 N. C., 119; *State* v. *Johnston*, 8 Ired., 397; *Goodman* v. *Goodman*, 72 N. C., 508; *Murphy* v. *Harrison*, 65 N. C., 246, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1883, of WARREN Superior Court, before *Shepherd, J.*

This action was brought to vacate a decree, and surcharge and falsify an account, and for the payment of a legacy.

The pleadings show that William Miles died in February, 1869, leaving a last will and testament in which he appointed Samuel Miles executor, empowering him to sell his real estate, and after paying his debts and other expenses, to distribute the surplus among the testator's six children and representatives, of whom the plaintiff is one, being a son of a daughter of the testator, who died in his life time.

HARDY v. MILES.

Samuel Miles died intestate sometime in the year 1876, and the defendant Thomas J. Miles was appointed his administrator.

The plaintiff, at the time of the death of the testator, was an infant of tender years and never had a guardian.

The plaintiff charges a fraudulent disposition of the real estate of the testator by the executor Miles, to his own advantage; and that after proceedings had by the executor in the probate court for a final settlement of said estate, while the plaintiff was an infant, to which he alleges he was not a party, the said executor soon after the plaintiff came of age, by fraudulent misrepresentations and concealment, obtained from him a receipt for his share of the estate of his grandfather (the testator William Miles) which did not cover more than a fourth of what was due him upon a fair account by the executor.

The defendant denied any fraud on the part of his intestate (the said executor), and insisted that the plaintiff was estopped by the decree in the case, determined in the probate court, brought by the intestate for a settlement of his testator's estate; and further insisted that the plaintiff's action was barred by the statute of limitations.

Judgment in behalf of plaintiff, from which the defendant appealed.

*Mr. W. A. Montgomery*, for plaintiff.
*Mr. J. B. Batchelor*, for defendant.

ASHE, J. In this court the defendant's counsel took exception to the plaintiff's complaint for a defect of parties, alleging that the administrator *de bonis non, cum testamento annexo*, of William Miles was a necessary party to the action.

We think the exception is well taken. William Miles, the testator, died in 1869 and Samuel Miles was his executor, who qualified as such, and took upon himself the burthen

of executing the will. He died in 1876 and the defendant took out letters of administration on his estate.

It is alleged in the plaintiff's complaint that Samuel Miles, the executor of William Miles, abused his trust and appropriated a large part of the proceeds of the real estate of his testator, which by the will he was directed to sell and distribute among the next of kin of the testator. If that was so, it left that amount in his hands as executor, and his administration of the estate of his testator was incomplete and unfinished at his death, to that extent. In that case, it is well established that no one but an administrator *d. b. n.* of the testator could bring an action against the administrator of the deceased executor. *University* v. *Hughes,* 90 N. C., 537 ; *Ham* v. *Kornegay,* 85 N. C., 119 and the cases there cited.

Besides these, the case of *State, &c.,* v. *Johnston,* 8 Ired., 397, is to the same effect. It was there held, "that when assets have remained in the hands of an administrator for more than seven years unclaimed by the next of kin, and the administrator dies, the trustees of the University cannot recover in their own name from the representative of such administrator. The assets can only be recovered by an administrator *d. b. n.,* who is immediately answerable over to the trustees; provided no claim be set up on the part of the next of kin."

The plaintiff's action cannot be sustained with the present parties. We hold that the administrator *de bonis non, cum testamento annexo,* of William Miles, deceased, is a necessary party.

But, so voluminous is the record in the case, consisting of over a hundred pages of legal-cap paper, showing how elaborately the case has been litigated, to save the parties the repetition of the trouble and vexation they have already encountered, we are of the opinion it is just and proper that the case should be remanded that amendments should be made, so as to make the administrator *d. b. n.* of William

Miles a party to the action—we would say as plaintiff, if the superior court had the power so to do at this stage of the proceedings; but it has been expressly decided in the case of *Goodman* v. *Goodman*, 72 N. C., 508, that the superior court has no such power.

But in *Murphy* v. *Harrison*, 65 N. C., 246, it is held that where the administrator refuses to bring an action to surcharge and falsify an account, by which the estate of his intestate has been injured, the legatees or next of kin may bring the action; but in doing so, they must make the administrator or executor a party defendant. This case would seem to come within the principle decided in that case. There, the administrator refused to act, and he could not be made a party plaintiff without his consent, and yet the plaintiffs, the next of kin, had a right to have the account surcharged and falsified. Here, there is no administrator *d. b. n.* joined in the action, whether because there was none, or, if one, he refused to act, does not appear; but the plaintiff has sustained a wrong which the law would not be true to itself if it did not furnish him a remedy to redress. He not only, as in the *Goodman case*, seeks to surcharge and falsify the account, but to vacate the decree rendered against him in the action in which the account was taken, to which he alleges he was not a party, and also, to set aside a receipt taken by the executor by concealment and false representation. This is a much stronger case for the plaintiff than was the *Goodman case*.

Our conclusion is that the cause should be remanded to the superior court that the administrator *de bonis non, cum testamento annexo* of William Miles if there be one, may be made a party defendant; and if not, that he may be made a party when appointed.

Remanded.