J. E. MERRILL et als. v. PERRY MERRILL, Administrator.

*Appeal—Interlocutory Order—Amendment—Administrator— Parties.*

1. An appeal can be taken from an order of the Superior Court either making or refusing to make ·additional parties, when such order affects a substantial right of the appellant; and *it seems* that the appeal may either be taken at once, or it can be assigned as error on an appeal from the final judgment.

2. An appeal lies at once from an interlocutory order that may in effect put an end to the action, or that may prejudice a substantial right of the party complaining.

3. The Court has no power to convert a pending action that cannot be maintained, into a new one by admitting a new party plaintiff, who is solely interested, and allowing him to assign a new cause of .action.

4. Where an administrator dies, no one but an administrator *de bonis non* of his intestate can call his representative to account for the assets of his intestate.

5. So, where a suit was pending by the next of kin against an administrator for the distribution of the estate in his hands, and the defendant died; *It was held,* that the action could not be continued by the next of kin, and the Court had no power to allow an administrator *de bonis non* to be made a party plaintiff in the pending action.

Mr. Chief Justice Smith dissents from the opinion of the Court.

(*Rollins* v. *Rollins,* 76 N. C., 264; *Colgrove* v. *Koonce,* 76 N. C., 363: *Phœbe* v. *Black, Id.,* 379; *Stephenson* v. *Peebles,* 77 N. C., 364; *Goodman* v. *Goodman,* 72 N. C., 508; *Lansdell* v. *Winstead,* 76 N. C., 366; *Ham* v. *Kornegay,* 85 N. C., 119; *University* v. *Hughes,* 90 N. C., 537; *Wade* v. *Sanders,* 70 N. C., 277; *McDonald* v. *Morris,* 89 N. C., 99; *Asheville Division* v. *Aston, Ante.,* 588, cited and approved. *Hardy* v. *Miles,* 91 N. C., 131, cited and distinguished).

(Cases cited in the dissenting opinion: *Goodman* v. *Goodman,* 72 N. C., 508; *Hardy* v. *Miles,* 91 N. C., 131; *Crawley* v. *Woodfin,* 78 N. C., 4; *Allison* v. *Robinson,* 78 N. C., 222; *Baker* v. *The Railroad,* 91 N. C., 308; *University* v. *Hughes,* 90 N. C., 537).

MOTION to make parties, in a cause pending in TRANSYLVANIA Superior Court, heard before *Shipp, Judge,* at Fall Term, 1884, of said Court.

His Honor granted the motion, and the defendant appealed.

A motion was made to dismiss the appeal in the Supreme Court on the ground that the order did not affect any substantial right and was not appealable.

42

No counsel for the plaintiff.
*Messrs. Battle & Mordecai,* for the defendant.

MERRIMON, J.   The pleadings, indeed the whole record in this case, are very imperfect and informal.   It appears, however, with tolerable certainty, that J. R. Merrill died intestate in the county of Transylvania some time in the year 1866, and John Merrill was duly appointed administrator of his estate.   Afterwards, this proceeding was begun by the plaintiffs, who are the next-of-kin of his intestate, against him in the then probate court of that county, on the 19th day of May, 1873, for the purpose of obtaining an account and settlement of the estate, and distribution thereof.

The proceeding was transferred to the Superior Court of that county at the Fall Term, 1873, thereof.   In that court, it was repeatedly referred to a referee to take and state the account and make report.   Reports were made, and each in its order was set aside.

Some time in the year 1881, John Merrill, the administrator, died intestate in the county named, and the defendant Perry Merrill was duly appointed administrator of his estate.   Afterwards, at the Fall Term, 1883, it was by consent of all the parties, plaintiffs and defendants, " ordered that the action be referred to W. W. Jones, Esq., to try and decide all the issues of fact raised by the pleadings, and the law arising upon said facts, and to take and state an account of the administration of the estate of said J. R. Merrill by John Merrill, and to ascertain and report whether or not the estate of said John Merrill, deceased, is liable to the plaintiffs or any of them, and if so, how much, or to what extent.   The said referee shall make his report to the next term of this court, and shall report his findings of law and fact separately, and shall also report the testimony."

On the 24th day of August, 1884, Edward Shipman was duly appointed administrator *de bonis non* of the estate of J. R. Merrill, the intestate of John Merrill, administrator.

Upon the coming in of the report of the referee at the Fall Term, 1884, of the court, Edward Shipman, as such administrator, applied to be made a party plaintiff in the proceeding. The defendant opposed this application. The court allowed him to be made a party plaintiff according to his application, and thereupon the defendant excepted and appealed to this court.

It is insisted, that no appeal lay from the order making the administrator *de bonis non* a party plaintiff, upon the grounds that it was within the discretion of the court to make it and not reviewable here; that it was interlocutory, and if reviewable here at all, it could not prejudice the defendant to allow the action to proceed to final judgment upon its merits before taking the appeal.

In our judgment, these grounds of objection are not tenable, because the order appealed from put directly in question the liability of the defendant to answer in this action at all. As we shall presently see, the plaintiffs next-of-kin, could not maintain it against the defendant, nor could the administrator *de bonis non*, without first changing the cause of action, not simply in the form of alleging it, but as well in substance and nature. The defendant contended that the practical effect of the order was to constitute a new action, in one pending that could not be maintained against him, and to introduce a new party plaintiff, solely interested, and a distinct and new cause of action, so that the question was, not whether the court exercised a discretionary power in making proper and necessary additional parties, but whether it had any power to make such order. This question is obviously reviewable in this court.

It is well settled in respect to the time when it may be taken, that an appeal always lies at once from an interlocutory order or judgment that may in effect put an end to the action, or that may prejudice a substantial right of the party complaining, if the appeal should be delayed until after the final judgment upon the merits.

Moreover, the power conferred upon the Superior Court by *The Code*, §§184, 189, to make additional parties to actions, is

not a power to be exercised in all cases in the discretion of the court, not subject to review in this court. Generally, whenever it is so exercised as to affect injuriously a substantial right of the party complaining, such exercise of it is reviewable in this court upon appeal taken, in some cases at once, in others after the final judgment.

This is so upon principle. The statute does not confer the power to make parties to actions generally, as it does to some extent to amend pleadings, but it designates particularly a variety of classified cases in which it may be done, thus clearly indicating a limitation upon the power conferred, and recognizing its importance to the original parties to the action. Who 'shall and who shall not be made additional parties, are questions in many cases of serious moment, and we can see no reason why the decision of a question of law, arising in the exercise of the power to make them, shall not be reviewed like the decision of any other question of law affecting the merits in the progress of an action. There is nothing in the statute nor in the nature of the power that forbids it, and justice may require it.

Besides, this court has entertained appeals in numerous cases, sometimes taken at once, and sometimes after the final judgment, from the orders of the Superior Court, making or refusing to make additional parties to actions. *Rollins* v. *Rollins,* 76 N. C., 264; *Colgrove* v. *Koonce,* 76 N. C., 363; *Phœbe* v. *Black,* Id., 379; *Stephenson* v. *Peebles,* 77 N. C., 364.

We may add in this connection, that the order appealed from, practically put an end to the action, for the next-of-kin plaintiffs could not maintain it against the present defendant. We are, therefore, of opinion that the defendant had the right to take the appeal, and this Court must decide the question presented by it.

It appears from the record, that the plaintiffs, the next-of-kin of J. R. Merrill, deceased, had a cause of action against the administrator of his estate, John Merrill, but when the latter died, pending the proceeding and before he had completed his

admistration, their cause of action against him did not survive against the administrator of his estate, the present defendant. The defendant, as administrator, held and was charged with any assets in his hands belonging to the estate of J. R. Merrill, not for his next-of-kin, but solely for the administrator *de bonis non* of his estate. It is well settled upon principle and authority, that the law does not vest the title to the property of a person who dies intestate in his next-of-kin, but in his administrator. If the administrator should die before he had completed the administration, the title to such property does not vest in his administrator, but in the administrator *de bonis non* of, the first intestate, and so on indefinitely, until the estate in the hands of the first, or some subsequent administrator *de bonis non,* shall be completely settled and distributed according to law. The next-of-kin of the intestate, cannot proceed against the administrator of his deceased administrator for a settlement and their distributive shares; they must go against the administrator *de bonis non* of the intestate whose distributees they are, and plainly, because the title to the assets, in whatever shape to be distributed, is in him. To this effect, without exception, are all the decisions upon this subject in this State, as well those decided before, as those decided after the adoption of The Code method of procedure, blending law and equity.

In *Goodman* v. *Goodman,* 72 N. C., 508, it was held, Justice Bynum delivering the opinion, that after the death of an administrator and before the appointment of an administrator *de bonis non,* the next-of-kin could not maintain an action upon the deceased administrator's bond, and that the estate was in abeyance, and neither the next-of-kin, nor any other person except the administrator *de bonis non,* had the right of action upon the bond of the original administrator. It was further held that the next-of-kin, having brought suit upon the deceased administrator's bond, the Court *had no power to amend the pleadings by striking out the name of the next-of-kin and inserting that of the administrator de bonis non,* subsequently appointed.

In *Lansdell* v. *Winstead*, 76 N. C., 366, the same learned Judge said : "An administration can be effected only by collecting the assets, .paying the debts, and making a final distribution among the next-of-kin. If an administrator dies before this is done an administrator *de bonis non* must be appointed, and so on *ad infinitum* until a final settlement and distribution of the estate is made.   * * * * * *   The rule is therefore inflexible, that the next of kin cannot call for an account and distribution of an intestate's estate, without having an administrator before the court."

In *Ham* v. *Kornegay*, 85 N. C., 119, the administrator had settled the estate of his intestate, and made final report to the probate court showing a balance in his hands, and two of the next-of-kin had received their distributive shares from the administrator, and the latter having died, the third distributee brought suit upon the administrator's bond to recover her share.   It was held that she could not maintain her action, that the administrator *de bonis non* of the intestate of the first administrator alone was entitled to sue upon his bond, and the next-of-kin must look to him for their distributive shares.   In this case, Justice Ashe said : "An administration is never complete so long as there are debts uncollected, or assets remaining in the hands of the administrator for distribution.   * * * *   If an administrator dies before this is done, his administration is unfinished, and an administrator *de bonis non* must be appointed to finish his administration, and so on *ad infinitum* until a final and complete distribution of the estate."

In the case of *University* v. *Hughes*, 90 N. C., 537, the above mentioned cases were cited with approval.   That case was in all material respects like this : "John Lee, an alien, died intestate in the year 1863, in the county of Northampton, and Samuel Calvert was appointed his administrator.   At December Term, 1865, of the Court of Pleas and Quarter Sessions of that county, commissioners were appointed to audit his account as administrator, and make report to the next term of the court.   At March Term,

1866, the commissioners made and filed their report, showing a balance in the hands of the administrator of $3,990.35 in Confederate money. This report was ordered to be 'certified and recorded.'" The University brought its action against the "administrator and the sureties upon his bond, demanding judgment for the penalty of the bond, to be discharged upon the payment of $306.69, the alleged value of the Confederate money and interest thereon. Pending this action Samuel Calvert, the administrator, died, leaving a last will and testament, and the present defendant, W. H. Hughes, duly qualified as executor thereof, and became a party to this (that) action."

The defendant insisted, that his testator having died pending the action, the plaintiff could not recover therein, because the funds in the hands of his testator, as administrator of Lee, remained in his hands as executor, only for the administrator *de bonis non* of Lee, and the latter alone could maintain an action for it. This court so held, and in the opinion said : "The plaintiff brought this action to recover a fund in the hands of the testator of the present defendant, and administrator of Lee. While the administrator lived, the action could be maintained; the alleged fund was in his hands as administrator, undisposed of; he could manage, control, and do what he ought to do about the same. When he died, his administrator, or executor, held the fund, not for distribution, nor for the plaintiff, nor for any purpose, except to turn the same over to the administrator *de bonis non* of Lee, *when he should be appointed.*" When the administrator, the testator of the defendant, died, the plaintiff's right of action against him ceased. The right to the fund passed into the hands of the administrator *de bonis non*, and he alone had the right to sue for it. If there was no such administrator, as it seems there was not, the fund remains in abeyance and will continue to do so until one shall be appointed."

It seems to us that these cases show clearly that the next-of-kin plaintiffs have no cause of action against the defendant. They had, just as the plaintiff in *University* v. *Hughes, supra,* had, a

cause of action at the time the action began against his intestate, who was the administrator under whom they claim as distributees; when he died, their cause of action did not survive against *his* administrator, but against the administrator *de bonis non* of the intestate under whom they claim. This action did not necessarily abate—they might have made the administrator *de bonis non* a party defendant; indeed, they ought to have done so, as he was the only person whom they could then properly sue—the law vested the title to the assets in him, and to him they must look for their distributive shares.

They improperly prosecuted their action for a long while fruitlessly against the present defendant. They had no right to do so; an administrator *de bonis non* ought to have been appointed according to law upon the estate of the intestate whose next-of-kin they are, at once after the death of his administrator, and they ought to have made him defendant in the action, and not the present defendant. They being interested, might have had such administrator appointed. That they did not, was not because of any defect in the law, but because of their neglect, or lack of information as to their proper course of action, which was their misfortune.

The court had no authority to make or allow the administrator *de bonis non* to be made a plaintiff in this proceeding. To do so, was not simply to introduce a new party, but a party having a different, new, and distinct cause of action, arising years after the proceeding began and while it was pending.

The next-of-kin seek a distribution of the estate of the intestate of the administrator *de bonis non*, but the latter seeks to recover the assets belonging to the estate of his intestate, for the purpose of paying, first the costs of administration and debts due from the estate, and secondly for distribution to the next-of-kin according to their respective rights. The defendant is accountable to him, not to the next-of-kin. In due time and in order, he will account to them. Comprehensive as *The Code of Civil Procedure* may be in its terms, spirit, and policy, it does

not contemplate or allow two causes of action, distinct and different in their nature, and between different parties, to be litigated in one and the same action, wherein the plaintiffs, or some one or more of them, have rights more or less adverse to each other. *Wade* v. *Sanders,* 70 N. C., 277, *Colgrove* v. *Koonce, supra, McDonald* v. *Morris,* 89 N. C., 99, *Asheville Division* v. *Aston, ante,* 588.

The court has no authority to convert a pending action that cannot be maintained, into a new one, by admitting a new party plaintiff solely interested, and allowing him to assign a new and different cause of action, if the defendant shall object. The statute allowing necessary additional parties to be made in an action, does not contemplate such an exercise of power. There is neither principle nor statute, nor practice, that allows such a course of procedure; it would certainly lead to endless complications, confusion and injustice. An action separate and distinct from a pending one, must be begun according to the ordinary course of proceedure.

In this case, if the administrator *de bonis non* should be introduced as a party plaintiff, he alone could properly litigate with the defendant—his co-plaintiffs would have no cause of action. He might not wish, upon examination, to be bound by all that had been done in the proceeding—it might be prejudicial to his rights to be so bound. In such case, could or would the court rehear the matter settled, make new orders, and have accounts re-taken? The new plaintiff would have to plead anew and assign a new and different cause of action in himself. All this would generally lead to confusion. Further, after the litigation with the defendant should come to an end, then the administrator plaintiff would need to ascertain what costs and debts he had to pay, what property he had to sell, what debts to collect, and then, at last, he would turn about in the same action and account with his co-plaintiffs, in an adversary relation, and this might lead to litigation with them or some of them. *Reductio ad absurdum!*

There may be possible cases in which it would be convenient, if not very expedient, to have the next of kin and the administrator *de bonis non* join in a proceeding, as is sought to be done in this case, but occasional cases, for mere convenience sake, cannot be allowed to displace and subvert a well settled and wholesome rule of procedure.

This case is different from that of *Hardy* v. *Miles*, 91 N. C., 131. That case is peculiar. While the rule of procedure as here stated is distinctly recognized and upheld, the court decided that under the circumstances of the case, the plaintiff claiming under the will, might make the administrator *de bonis non, cum testamento annexo*, a party defendant, upon the ground, that the latter had failed to seek the relief the plaintiff was seeking by his action.

There is error. The order of the court below making the administrator *de bonis non* a party, must be reversed. To that end, let this opinion be certified to the Superior Court according to law.

Error.                                                Reversed.


SMITH, C. J. (dissenting). As I am unable to concur in the opinion of the other members of the Court in the disposition made of the cause, it is proper and due to them that I should state the reason for my dissent :

1st. The appeal is from an interlocutory order, admitting an amendment in the introduction of the administrator *de bonis non* of J. R. Merrill, as an associated plaintiff in the further prosecution of the action. This works no change in the nature of the claim, and does not subject the defendant to any increased liability or inconvenience. The previous proceedings remain undisturbed, and the new plaintiff takes his place with the others, abiding by all that has already been done. The defendant is no more injuriously affected than he would be in letting in a personal representative of a plaintiff, who dies pending the suit, to carry it on afterwards. Instead of being a disadvantage to him,

it would be his protection against a second suit for the same cause, by concluding the only person who could bring it.

2nd. The amendment is within the power of the Judge, and its exercise a discretion which cannot be reviewed or controlled in this Court. The consequences of the introduction of the additional plaintiff, in retaining the cause within the jurisdiction of the Court, are not now presented, and the only inquiry is as to the competency of the Court to permit the attempted perfection of the record, not the effect upon the rights of the parties or the merits of the controversy. The cases are too numerous to require a reference that the power to permit amendments resides with the Judge.

3rd. In my opinion the amendment would preserve the jurisdiction acquired, and enable the cause to proceed to a final adjudication. The numerous cases wherein it has been held that none but an administrator *de bonis non* of the original intestate can sue the personal representative of the first administrator after the death of the latter, or himself and the sureties to his bond, for the recovery of the administered estate, inclusive of damages for waste, that is, or ought to be, in the hands of the deceased, will be found, I believe, upon examination, to be cases in which the action was *wrong from its inception, the plaintiff then having no right to bring it.* The consequent ruling was, that it could not be maintained, nor could this difficulty be removed by the substitution of an administrator *de bonis non*, to whom letters issued during its progress, in the place of those who were wrongfully prosecuting the action as plaintiffs.

This is the principle decided, and its correctness I do not propose to question after its so frequent recognitions, even if otherwise open to criticisms.

But I know of no case wherein a party, in whom a right of action vested at the time of bringing the suit, was not allowed to proceed, because, on the death of a defendant, and in his representative capacity, that right devolved upon the administrator *de bonis non* of the first intestate, whom it was proposed to make a

party also.    The case of *Goodman* v. *Goodman*, 72 N. C., 508, is of the specified class.

The institution of the suit in the name of the distributee was after the death of the administrator, when the right of action had vested in an administrator *de bonis non*, and none other but he, when appointed, was competent to maintain the action.    Consistently with this ruling, an administrator *de bonis non*, was required to be made a defendant, in order to the maintenance of the action.    *Hardy* v. *Miles*, 91 N. C., 131.

But there is an authoritative precedent for the course pursued in the present case, found in *Crawley* v. *Woodfin*, 78 N. C., 4, wherein a creditor of McDowell, the intestate of the defendant Woodfin, brought his action against the latter and the sureties on his official bond, for a breach in the non-payment of his debt. Pending the action Woodfin died, and both his administrator and the administrator *de bonis non* of McDowell were made parties defendant.

The plaintiff was allowed further, to amend his complaint by adding a new cause of action, founded upon the same demand. To this the defendant Pearson demurred, assigning as the ground therefor that "the administrator *de bonis non* of McDowell is the only proper relator in an action on the administration bond of Woodfin, and the *relator Crawley cannot maintain the action.*"

The demurrer was withdrawn, and a motion to dismiss the action made instead.    The court refused the motion, and on the appeal the ruling was sustained, because an appeal would not lie from a refusal to dismiss.

There was the same difficulty presented in this case, and yet it was not intimated that the action must terminate in consequence of the death of Woodfin, and could not be prosecuted after the introduction of the two administrators into the cause.    But it must be remembered that these adjudications were under a system of practice in which rights strictly legal were alone recognized and enforced in courts of law, which has been materially changed since.    Thus it was held in *Allison* v. *Robinson*, 78 N.

C., 222, that the heirs at law only could sue on a guardian bond to recover the moneys received as the proceeds of the deceased infant's real estate, wasted and lost, and not the administrator of the infant, for the reason that the fund belonged to them, and if recovered by the administrator, must be at once paid over to them. And so in *Baker* v. *Railroad,* 91 N. C., 308, the court looked through the legal right of the administrator, and recognized the right of those to whom the recovered fund would belong.

Now suppose the administration had been completed so far that nothing remained to be done except to pay over to the distributees (and such seems to have been the result reached in the report of the referee), why should not the administrator be admitted into the action, so as to conclude him from bringing another, and protect the defendants fully, and thus the distributee be allowed to collect the estate?

Why, when the cause has reached this point, shall it be arrested and the trouble gone over again, for no practical good to any?

If the administration was incomplete, still this would not concern the defendants, or furnish them ground of complaint, because it is immaterial to them who recover, provided they are secure against the claim of any other for the same fund, and there would be no difficulty as among the plaintiffs, since the administrator might take the whole if necessary, and render his administration account after it was finished.

It seems to me needless and unreasonable, as well as unsustained by authority, under such circumstances to put an end to the action at the instance of the defendants, and compel a repetition of all the trouble and expense incurred in thus approaching the final judgment, and I cannot unite with my brethren in holding that the law so requires.

Moreover, the present practice contemplates the continuance of a suit properly begun, and that it shall not terminate or abate by the death of a party or the transfer in any manner of the cause

of action to another.    It provides in express terms that "no action shall abate by the death, marriage or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue," that is, does not itself become extinguished thereby, and that the court "may allow the action to be *continued by or against his representative* or successor in interest." In like manner, upon an assignment of the plaintiff's interest he may continue to prosecute the action or the assignee be allowed to take his place.    *Code*, §188.

Now, in the case before us, the right to sue was in the distributees when the suit was begun, and to prosecute it afterwards remained with them until the death of John Merrill, and then passed to the administrator *de bonis non* of J. R. Merrill, as soon as he was appointed.    When the right to proceed with the action, though meanwhile in abeyance, thus vests in the appointee, it relates back to the death, in the same manner as when one suing in his own right dies, his representative comes in and assumes the place and succeeds to the rights of the deceased plaintiff.    This is the result of the blending of the rules in law and equity which aim at an early and prompt as well as full adjustment of a controversy in which all interested are made parties, and bound by what is done.

The course of reasoning pursued in the opinion, to show that the right to continue the action, when properly begun in the name of the distributees and heirs-at-law of the intestate to whom the fund sought to be recovered then belonged, ceased at the death of his administrator and could no longer be maintained by these plaintiffs, rests upon too many adjudications to be open to controversy, and I do not propose to question the correctness of the proposition.    It was so held in the last case cited, *University* v. *Hughes, supra*, and this must be so, since otherwise the defendant might be exposed to another action for the same fund at the instance of an administrator *de bonis non* from whom the judgment recovered would be no protection.    But in that case the parties to the action remained the same, while the right to main-

tain the action was no longer vested in the plaintiffs, and yet the concluding part of the opinion intimates at least a possible different result if the administrator *de bonis non* had been introduced into the cause.

"The plaintiff cannot maintain this action," is the language employed, "against the defendant executor, *certainly not in the absence of the administrator de bonis non of Lee.*"

I repeat that I have discovered no case in which the doctrine has been carried to the extent proposed in this, that the action begun and prosecuted by persons entitled to sue, must terminate at the death of the first administrator, and cannot be further carried on when the administrator *de bonis non* becomes a party so that the judgment will be final and conclusive when rendered.

The underlying error in the reasoning, in my opinion, consists in supposing that if this were permitted, there would be associated two distinct and independent causes of action in one suit, the one vesting in the distributee, the other in the administrator *de bonis non*, and this is not allowable under settled rules of practice. This is a misconception. There is but *one cause of action* against the defendant, and that is founded upon his refusal or failure to account for and pay over the fund to the party entitled, the distributees at first, the administrator *de bonis non* afterwards.

The right to sue passes upon the event mentioned, from the one to the other, but it is, by whichever exercised, for the same default and upon the same liability. The recovery of the fund is the common object of both, and there is no more inconsistency in this than in allowing the personal representative to recover upon a cause of action occurring in the life-time of the deceased. The law transfers the right of action in each case, but it is, nevertheless, one and the same, although prosecuted by another.

It is wholly immaterial so far as the defendant is concerned, for what uses the fund is sought or what disposition is to be made of it when recovered. This furnishes no reason why he should not be compelled to pay what he owes, nor is he injuri-

ously affected by the introduction of a new plaintiff. I am not willing to carry the doctrine beyond the limit of precedents.

Entertaining these views, I cannot give my approval to the rules of practice laid down in the opinion, fruitful as I fear they will be of embarrassments in their enforcement.