## THE KANSAS CITY, SPRINGFIELD & MEMPHIS RAILROAD COMPANY V. WEAVER *et al.*, *Appellants*.

1. **Railroad:** CONDEMNATION PROCEEDING: LIFE ESTATE. The owner of a life estate in land condemned for a right of way for a railroad, is entitled to the same estate in the money paid into court under the condemnation proceedings.

2. ———: ———: ———. A judgment creditor of the remainderman in such life estate can assert no claim to any part of said money during the continuance of the life estate.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*F. H. Sheppard* for appellant.

(1) It was proper for the court below to determine the rights of the defendants among themselves. R. S., 1879, sec. 3673. (2) The deed to Mrs. Hooper in evidence creates a life estate in her, with a contingent remainder to those of her children surviving her. *Johnson v. Waters*, 17 Mo. 587; *Emison v. Whittlesey*, 55 Mo. 254. (3) The remainder in defendant, L. E. Hooper, is contingent on an event, to-wit, his mother's dying before him. The persons who are to take are in existence, and ready to take at any instant the estate becomes vacant. (4) A contingent remainder, depending on an event, and not on a person, is vendible on execution. Washburn on Real Prop. (4 Ed.) [*238] 562; R. S. Mo., 1879, secs. 668, 2354, 2356; 4 Kent's Com. (12 Ed.) [*261] foot [267]; *Reinders v. Koppelman*, 68 Mo. 482. (5) "The interest * * * whether it be regarded as a vested or contingent remainder, was liable to be subjected to the payment of his debts." *White v. McPheeters*, 75 Mo.

286, and see, especially, foot of page 292. (6) It was proper to calculate the value of the life estate, and for the court to reserve the interest of the remainderman. *Lewey v. Lewey*, 34 Mo. 367; *Graves v. Cochran*, 68 Mo. 74.

*Goode & Cravens* for respondent.

HENRY, C. J.—The Kansas City, Springfield & Memphis railroad company commenced proceedings to condemn for a right of way a strip through a tract of land in Greene county, which had been conveyed to one Blakey in trust for the defendant, Harriet Hooper, to her sole and separate use for her life, with a provision in the deed that if she should die leaving a child or children of her body, in wedlock lawfully begotten, living, at her death, then the said trustee should convey the land to said child or children in fee-simple; but if she should die leaving no child, then he should convey the land to Spencer Hooper and his heirs. The condemnation proceedings resulted in a judgment establishing the right of way, and an award of two hundred and fifty dollars damages to the owners of the land, which was paid into court, and two hundred dollars of that amount have since been paid to Mrs. Hooper. Prior to the condemnation proceedings, Osburn & Company had obtained a judgment against the defendants, Spencer Hooper and his son, Ludolphus E. Hooper, and under an execution issued thereon had their interest in said land levied upon and sold, and purchased and received the sheriff's deed therefor, and in this condemnation proceeding Osburn & Company filed their petition, alleging the foregoing facts and asking that the present value of Mrs. Hooper's life interest in the said two hundred and fifty dollars might be ascertained, and for a judgment in their favor for one third of the amount remaining after deducting her life interest. Mrs. Hooper had three children living at the

time, and Osburn & company claimed one-third as pur-chasers of L. E. Hooper's interest in the land.

The principal·question discussed by counsel in their brief relates to the vendibility of a contingent remain-der. But we decline to pass upon that question on the record before us, because, whether vendible or not, Osburn & Company have no right to the possession of any por-tion of the money in controversy until the death of Mrs. Hooper, if then. She has a life estate in the entire tract of land, and, consequently, in said money, which repre-sents the strip condemned for a right of way. The entire proceeding was one at law, and the interest Osburn & Company asserted was a legal interest. And their equity, if they have any, to have the money so secured that at Mrs. Hooper's death they may receive their part, was not set up, even if it could have been, in this proceeding. The judgment of the circuit court was against them. The declarations of law given and refused were upon the questions discussed in the briefs. Whether the instruc-tion given was correct or not, or whether that refused should have been given or not, for the reasons above stated, we will not determine.

· The judgment was for the right party, and the in-structions given and refused were on an immaterial ques-tion, so far as the case presented by this record is concerned. All concur. Judgment affirmed.