### THE CHICAGO, KANSAS & NEBRASKA RAILWAY COMPANY v. JOHN ELLIS.

*Per Curiam:* Upon the motion for rehearing, the case of *Railroad Co. v. Weaver*, 86 Mo. 473, among others, is cited. In that case, it was decided that "the owner of a life estate in land condemned for a right-of-way for a railroad is entitled to the same estate in the money paid into court under the condemnation proceedings. A judgment creditor of the remainder-man in such life estate can assert no claim to any part of said money during the continuance of the life estate." Upon the law as therein declared, John Ellis, if he can establish his

alleged interest, has a life estate in the entire tract of land, and consequently in the condemnation money or award, which represents the strip or tract condemned for the right-of-way. As John claims a life estate in the entire tract, and as no one else has any right to the possession of any portion of the condemnation money until his death, it would seem, as we have already decided, that John Ellis was a party entitled to take an appeal. Upon this theory, Mrs. Ellis could not receive or use any portion of the award or damages, at least not until the death of John Ellis. Therefore, the sale or assignment of her interest and right to the award or damages was at most the release of a claim in a mere contingent remainder. The court erred, however, in permitting John Ellis to prove by incompetent evidence his alleged life estate; that is, it erred in receiving in evidence communications made by his wife to him during their marriage.

A further examination of the authorities convinces us that the reference in the former syllabus and opinion, of the authority of the railroad company to bring in other parties upon appeal in condemnation proceedings, was unnecessary as this case is presented. All such references in the former syllabus and opinion will be eliminated, and the correction made accordingly.

The motion for rehearing will be overruled.