MaNly, J.
"When this cause was under the consideration of the Court at December Term, 1859, the sale by the executrix, Polly Bichards, of the girl slaves, Lucy and Peggy, and-the buying them back again, in a short time afterwards, was of so suspicious a character, that an account was ordered of *82 the assets of the estate, that we might see whether the sale was necessary to pay debts. The report of the clerk, at this term, negatives the supposition that it could have been for the purpose of raising assets to pay debts. The assets, in hand, were already abundantly sufficient for that purpose. It could have been, therefore, only for the purpose of changing' the title. As the executrix was to have a life-estate in these girls, with an interest in remainder limited over, she had a'motive for desiring to change the estate which she held. No form of a sale, without necessity, under the influence of such a motive, could effect her object; the estate remained the same.
The facts of the case, and especially the significant one disclosed by the report of the clerk, constrain us to hold the sale of both the slaves, Lucy and Peggy, inoperative and void. They, and their offspring, must be accounted for and surrendered to the administrator cl& ionis non, of Thomas T. Richards, to be accounted for, by him, with the persons entitled in remainder.
There must, also, be an account of the hires of the slaves since the death of Polly Richards.
"With respect to the damages recovered by Polly Richards, the tenant for life of the land, from the Raleigh and Gaston Railroad company, we are of opinion the plaintiffs are also entitled to an account. By the condemnation of the land, under the provisions of the charter of the road, the company acquired an easement, in the same, for 99 years. The $150 assessed as damages, were not assessed, we take it, for the injury done alone to the life-estate, but to the estate in remainder also. The persons, therefore, in remainder, are entitled to a part of this fund, viz., such an amount of the same as will be proportional to the period of time for which they suffer the incumbrance. This, we mean, is the general rule applicable to cases of this sort. There may be special cases in which other elements will properly enter into the calculation; as, for instance: The special location of the road might affect, materially, the calculation of relative damage. If it ran through *83 the yard of the tenant for life, the rule would not do the tenant full justice, while, if it went through a remote woodland, it would do more justice. It is referred to the clerk to enquire and report to what part of this sum of $160, the persons in-remainder are entitled.
It is also alleged, that there was a waste of the land by the tenant for life, by cutting timber, not needed for the estate, but which was cut for market. The clerk may make enquiry into this matter also and report results.
Pee Cubiam. Decree accordingly,,