J. J. LANSDELL, Admr. *de bonis non*, v. C. S. WINSTEAD.

*Administrator -- Account and Settlement -- Practice.*

1. In an action against an administrator for an account and settlement where no final account appears to have been had, it is the intendment of the law that no final judgment or decree was ever rendered in such action.
2. An action brought by an administrator d. b. n. against a surety on the bond of a former administrator d. b. n. of the same estate for assets wasted by him, is properly brought in the name of the last administrator. The next of kin cannot call for an account and settlement without having an administrator before the Court.

(*Taylor* v. *Brooks*, 4 D. & B. 139; *State* v *Johnson*, 8 Ire. 397; *State* v. *Britton*, 11 Ir . 110; *State* v. *Moore, Ibid*, 160; and *Conrad* v *Dalton*, 3 Dev. 251, cited and approved )

CIVIL ACTION, brought by plaintiff against defendant as Surety upon the Bond of one John G. Dillihay, Administra-

tor *de bonis non* of George T. Fulcher, tried at Fall Term, 1876, of Person Superior Court, before *Kerr, J.*

The facts appear in the opinion. The defendant filed a demurrer to the plaintiff's complaint, which His Honor sustained and gave judgment that the action be dismissed. Appeal by plaintiff.

*Mr. E. G. Haywood*, for plaintiff.

*Messrs. Graham & Ruffin*, for defendant.

Bynum, J. The case is before us on two questions raised by the demurrer to the complaint.

I. Is a sufficient cause of action set out in the complaint? George T. Fulcher died intestate in 1860, and Eliza Fulcher administered upon his estate. Having partly administered, Eliza died in 1861, and John G. Dillihay became administrator *de bonis non* of the estate of G. T. Fulcher and gave the usual bond with the defendant, Winstead, as surety thereon; and this is the bond now in suit. Dillihay collected a note of $1.010 belonging to the estate and having wasted the money he died insolvent and the present plaintiff then became administrator *de bonis non* of the same estate, and brings this action upon the administration bond of his immediate predecessor, Dillihay.

It further appears that in 1867, one Beaver and wife Lucinda Beaver, filed a petition in the County Court of Person, against Dillihay as administrator *de bonis non* of G. T. Fulcher, praying for an account and settlement. He answered admitting that he was the administrator of *Eliza* Fulcher. and submitted to an account. "An account was found among the papers in the said cause, charging Dillihay with $100, for property sold belonging to the estate of *Fulcher*." The complaint further alleges that this account and charge of $100 was not an account of the estate of G. T. Fulcher,

but of the estate of Eliza Fulcher, Dillihay being also the administrator of her estate, and as such, having sold some of her property, but never having sold any of the estate of G. T. Fulcher. In further explanation the complaint alleges that the sum of $1,010 for which this action is brought was money collected by Dillihay on a note payable to Eliza Fulcher as administratrix of G. T. Fulcher and a part of his estate and wasted by him.

The foregoing are the facts admitted by the demurrer and from them no conclusion can be drawn that the account found among the papers in the case, related to the estate of G. T. Fulcher rather than to the estate of Eliza. But whether it related to the one or the other it neither appears that it was a final account confirmed by the Court, nor that the amount has ever been paid. As demurrers are not favored, the intendment of the law is that no final judgment or decree was ever rendered in the action of Beaver and others for an account or that any such action is now pending. Nothing therefore appears which can operate as an estoppel to prevent the action.

II. It is next insisted that the action can be maintained only in the names of the next of kin and not in the name of the administrator de bonis non. Wasting an estate is not administering it. An administration can be effected only by collecting the assets, paying the debts and making a final distribution of the surplus among the next of kin. If an administrator dies before this is done, an administrator de bonis non must be appointed and so on ad infinitum, until a final settlement and distribution of the estate are made. The assets which were wasted by Dillihay were unadministered and can be administered after his death only through an administrator de bonis non in whose name only can they when recovered be subjected to the demands of creditors and the claims of the next of kin. The rule is therefore inflexible that the next of kin cannot call for an account and distribu-

tion of an intestate's estate without having an administrator before the Court. The action is in the name of the proper party. *Taylor* v. *Brooks,* 4 Dev. & Bat. 139 ; *State* v. *Johnston,* 8 Ire. 397 ; *State* v. *Britton,* 11 Ire. 110 ; *State* v. *Moore,* 11 Ire. 160 ; *Conrad* v. *Dalton,* 3 Dev. 251.

There is error.

PER CURIAM. Judgment reversed.