C. H. MILLER et al. v. THE CITY OF ASHEVILLE.

(PLAINTIFFS' APPEAL).

*Municipal Corporations—Condemnation Proceedings—Damages—Benefits—Diverse Owners—Life Estate—Contingent Remainder—Issues.*

1. Where it appeared from a will in evidence, without objection, that one of the claimants of land condemned by a city was entitled to a life estate only therein, a judgment in favor of such claimant for the value of the life estate only was properly rendered in a suit relating to damages for such condemnation.

2. Where, in apportioning an award of damages and ascertaining the value of a life estate in a fund of $1,500, it appeared that the life tenant was sixty-two years of age and in good health, the finding of a referee that the expectancy of such life tenant was twelve years and nine months, and the value of her life estate in such fund was $787.63, was proper under section 1352 of *The Code.*

3. Where land, limited by a will to one for life and by contingent remainder to others, was condemned by a city for widening streets, the damages awarded stand in the same plight and condition as the realty, and it was proper to adjudge that the balance of the recovery, after deducting the present value of the life estate of the life tenant, should be invested by the Clerk until the termination of the life estate so as then to be divided among the parties then entitled in the manner provided by the will as to the realty for which it had been substituted.

4. In ascertaining damages for the condemnation of land, where the amount of damages and benefits have both been found by the jury, it is immaterial whether the mathematical operation of deducting one from the other is made by the Court or the jury.

49—Vol. 112

CIVIL ACTION for the recovery of damages for land condemned by the City of Asheville belonging to plaintiffs, tried at August Term, 1891, of BUNCOMBE Superior Court, before *Merrimon, J.,* and a jury.

The nature of the proceedings and the facts in relation thereto, including the issues submitted to the jury and the report of R. McBrayer, referee, are fully set out in the report of the defendant's appeal in the case between the same parties at this Term (page 759).

The plaintiffs filed the following exceptions to the report of the referee: "The plaintiffs except to the report of the referee for that (1) he finds that Mrs. Elizabeth A. Smith is the owner of a life estate in said land; (2) said referee had no right to take testimony or consider the same; (3) said referee found that Lula R. Miller, C. H. Miller and J. H. Miller are not entitled to any part of the damages assigned against the city; (4) said referee finds that the remainder, after deducting the value of Elizabeth A. Smith's alleged life estate, should not be paid to any one, whereas he should have found that the entire amount of damages should be paid equally to the plaintiffs."

The exceptions were overruled, and from the judgment entered on the report of the referee (see report of defendant's appeal, page 759) in favor of Elizabeth Smith for a part of the money recovered as damages for taking the land and ordering an investment of the balance until the termination of her life estate, the other plaintiffs appealed.

*Mr. Charles A. Moore,* for plaintiffs (appellants).
*Messrs. Cobb & Merrimon,* for defendant.

CLARK, J.: The proceedings were begun by the defendant as plaintiff, and against one of the plaintiffs as defendant, the other plaintiffs having since come in and been made

parties by consent. By some means the relative position of the plaintiffs and defendant was changed when the case got into the Superior Court, but this is immaterial, as also are some other technical irregularities which were waived, no exception having been taken at the time.

As to the first and second exceptions by the plaintiffs to the referee's report, the will of James M. Smith was in evidence without exception, and it appears therefrom (the same having already been construed by this Court in *Miller ex-parte*, 90 N. C., 625) that the plaintiff Elizabeth A. Smith possessed only a life estate.

As to the remaining exceptions the defendant was estopped to deny that the title of the land was in the plaintiffs, but in which of them, or in what proportion the damages assessed should be divided between them, was a matter arising after verdict. This in nowise concerned the defendant. The report of the referee and the judgment of the Court thereon were in accordance with the construction placed on the will. *Miller ex-parte, supra.* The value of the life estate was assessed as provided by *The Code* §1352. The balance of the recovery is the present value of the interests of the remaindermen. It stands in the same plight and condition as the realty itself stood and upon the expiration of the life estate it will be divided among the parties then entitled in the manner provided by the will as to the realty for which it has been 'substituted.

The usual manner of ascertaining the damages is by estimating the damages and benefits and deducting one from the other. Dillon Mun. Corp., sections 624, 625. And this is contemplated by the defendant's charter. Private Acts 1883, chapter 111, section 37. Whether this shall be done by the jury, deducting one from the other and finding the difference as their response to a single issue

submitted as to the damages, or whether the Court shall submit, as in the present case, two separate issues, one as to the damages and the other as to the benefits, is a matter of discretion. *Humphrey* v. *Trustees*, 109 N. C., 132. It cannot affect the result, when the amount of damages and benefits have been both found by the jury, whether the mathematical operation of deducting one from the other is made by the Court or the jury. By the terms of the plaintiffs' notices of appeal the question of benefits as well as damages was expressly brought to the Superior Court for trial.                                         No Error.