W. E. NEAGLE v. JOHN HALL et al.

*Administration—Sale of Land for Assets—Action for Account-ing Against Deceased Administrator—Administrator de bonis non.*

Where an administrator sells lands for assets to pay debts, and expends only a part of the fund for that purpose, and dies before filing a final account, only an administrator *de bonis non* of his intestate can maintain an action for an accounting to recover the unexpended balance. (*Alexander* v. *Wolf*, 88 N. C., 398, distinguished.)

CIVIL ACTION, heard upon complaint and demurrer before *Boykin, J.*, at Spring Term, 1894, of GASTON Superior Court.

The demurrer was sustained, and plaintiff appealed.

The facts are stated in the opinion of Associate Justice BURWELL.

*Mr. Frank I. Osborne*, for plaintiff.

No counsel, *contra*.

BURWELL, J.: The defendants are the executors of the will of James D. Hall. He was the administrator of the estate of J. B. Neagle, who died in 1865, and, as such administrator, under an order of the Court duly obtained, he sold the lands of his intestate to make assets to pay debts. This was done in 1866. He used, it is alleged, only a part of the proceeds of the sale of this realty in the payment of debts, and died in 1892 without having filed any final account of his administration of said estate, and having in his hands about $2,720 of said proceeds of sale of land.

The plaintiff avers that his father was one of the two heirs at law of J. B. Neagle, and, upon the death of said Neagle, inherited one moiety of his land. He further says that his father died in 1872, leaving the plaintiff and another son

his only heirs, and that the latter died intestate in 1883, leaving plaintiff as his only heir.

He seeks in this action to recover of the defendant executor and of his sureties on the administration bond of their testator one-half of the fund arising from the sale of the land of J. B. Neagle, as stated above, which was in the hands of James D. Hall at his death.

To the complaint containing the foregoing averments the defendants nemurred, insisting that this action could not be maintained by the plaintiff, the administrator *de bonis non* of J. B. Neagle alone having authority to receive from them the money so alleged to have been in their testator's hands.

The demurrer was sustained, and the plaintiff appealed.

No one save an administrator *de bonis non* has the right to call upon the defendant executors for an account of their testator's management of the assets of the estate of J. B. Neagle. As to personalty this is well settled. *Lansdell* v. *Winstead*, 76 N. C., 366; *Ham* v. *Kornegay*, 85 N. C., 119: *Merrill* v. *Merrill*, 92 N. C., 657. If the allegations of the complaint are true the administration of the estate of J. B. Neagle is unfinished. The final accounting which the law requires has not been had. That can only be done with an administrator, and not till it is done can it be ascertained what part, if any, of the assets that came to the first administrator has been used for the purposes of the estate, and what part is in the defendant's hands. Though that balance may be the proceeds of the sale of land, it must be paid over to the successor of the first administrator, as administrator *de bonis non*, to be by him accounted for to such persons, whether next of kin or heirs at law, as may be entitled to it.

This case is, we think, clearly distinguishable from that of *Alexander* v. *Wolfe*, 88 N. C., 398. The fund which that plaintiff heir at law recovered was, in legal effect, *land*. It was the proceeds of the sale of an infant's realty, made by

that infant's guardian. The death of the infant had put the right to this fund in the heir, just as it would have put the title to the land in him, if it had not been sold. The guardian held it *all as land,* and his representative also so held it. To ascertain how much it was, no accounting for personal assets was necessary.　　　　　　　　　　　No Error.