## LAURA S. JONES v. CITY OF ASHEVILLE.

*Action for Damages—Condemnation of Land for Municipal Purposes—Parties—Intervention in Suit—Practice.*

1. A person only interested in the subject matter of the litigation but whose interest will not be affected by the result, is not entitled as a matter of right to intervene in an action; if interested jointly with either plaintiff or defendant in the subject of litigation, and the result will affect his interests, he may, as a matter of right, intervene.

2. Where one is entitled, as a matter of right, to intervene in a suit and applies for leave to do so, it is error to proceed with the case until the question of such right is determined.

ACTION by Laura E. Jones against the City of Asheville, to recover damages for injury to her property and for a mandamus to compel the City of Asheville to pay to her the amount theretofore assessed as the value of her land appropriated by the city. The facts are fully stated in the opinion of Associate Justice FURCHES.

*Mr. C. M. Stedman,* for J. M. Campbell (appellant).

*Messrs. W. W. Jones, F. A. Sondley* and *J. H. Merrimon, contra.*

FURCHES, J.: The plaintiff and J. M. Campbell are the owners of a house and lot in the city of Asheville, the plaintiff owning a life estate therein and Campbell owning the remainder in fee simple.    In 1892 the defendant City acting in accordance with the provisions of its charter and in the exercise of its right of eminent domain, for the purpose of widening the streets of the city of Asheville, took and appropriated a part of the lot above mentioned, belonging to the plaintiff and the said J. M. Campbell.    Sometime after the appropriation of the property above mentioned, the damage to said lot was assessed in the name of the plaintiff, reported to the commissioners as the law provided, and by them ratified and affirmed.    This report assessed the damage at $875, but before it was paid Campbell put in a claim for his part, as he alleged, of the $875 and forbade the defendant city paying it to the plaintiff.    And under this condition of things the city refused to pay and the plaintiff brought this action.    And at December term, 1892, the plaintiff filed her complaint, and sometime in March, 1893, the defendant filed an answer, in which it set up the fact that Campbell was the owner of the reversion and Mrs. Jones the owner of the life estate in said lot.    And asked that Campbell be made a party defendant and the matter adjusted.    But it does not appear that any steps were taken to make Campbell a party, until August term, 1893, when he appeared in Court by his attorneys and asked to be made a party defendant, and that he be allowed to file an answer and set up his claim to a part of the $875.    Before this, the plaintiff Jones and the defendant City had agreed upon a judgment, but the same

had not been signed and filed.   The Court refused the
motion of Campbell to be allowed to make himself a party
defendant and to file his answer, and Campbell appealed.

It appears in the facts found by the Court that the
plaintiff had requested Campbell, before she commenced
her action, to join her in trying to get pay for their
property.   And he declined to do so, saying that his
interest in the property did not commence until after her
life estate ended, and he would have nothing to do with it
till then.   And it seems that the Court below thought this
was not very nice treatment, on the part of Campbell, to
refuse to assist her, until she was about to get the money
and then come in and claim a part of it.   And the Court, it
would seem, was holding him to what he had said.   But it is
not denied that Campbell is the owner in fee of the remain-
der after the plaintiff's life estate.   In fact it is so found
by the Court.   It is not denied that the City of Asheville,
in the proper exercise of its right of eminent domain, had
taken a part of the property and endamaged the same to
the amount of $875.   In fact this is admitted, and these
facts present the question of law whether Campbell is not
entitled to a part of the money, now in the hands of the
City of Asheville, arising out of this damage.   And, if so,
whether he is not entitled as a matter of law to be made a
party to this action,

The rule seems to be that a party, only interested in the
subject matter of litigation, is not entitled as a matter of
right to intervene.   *Colgrove* v. *Koonce*, 76 N. C., 363 ;
*Wade* v. *Saunders*, 70 N. C., 270.   But where a party is
interested in the action jointly with either plaintiff or
defendant in the subject of litigation, such party may claim
to intervene as a matter of right.   *Lytle* v. *Burgin*, 82 N.
C., 301.   Such a party as this is considered a necessary
party to a complete determination and settlement of the

litigation. *Colgrove* v. *Koonce, supra.* Where a party may intervene as a matter of right and his application to do so is refused by the Court, he has the right to appeal. *Rollins* v. *Rollins*, 76 N. C., 264. Where one may intervene as a matter of right, it is error in the Court to proceed with the case, after application is made, until the question of such right is settled. *Keathly* v. *Branch*, 84 N. C., 202.

Therefore, we are of the opinion that the appellant Campbell was entitled to intervene as a matter of right, and that having this right he had the right to appeal to this Court, when this right to intervene was denied him. And the Court should not have proceeded to judgment, after the application was made, until that question was settled. We are not called upon in this appeal to pass upon the relative rights of the plaintiff Jones and the appellant Campbell, and we do not do so. We only say that it appears that they are *jointly interested* in this fund. But in what proportion we do not undertake to say. That is left to be determined hereafter, taking into consideration the nature and character of the damage, as to how it affects the value of the life estate, and also as to what damage it has been to the remainder in fee. There is error and the case is remanded with directions to allow the appellant Campbell to intervene and set up his defence, and that the case then be proceeded with according to law.

Error.

AVERY, J., did not sit.