JOHN C. COX v. G. H. JERNIGAN.
THOMPSON v. JERNIGAN.

(Filed 12 April, 1911.)

1. Wills—Devise—Trusts and Trustees—Intent—Life Estate—Remainder—Intestacy—Presumptions—Rule in Shelly's Case.

A devise of lands in special trust that J., a grandson, be allowed the "use and enjoyment" thereof during his life, and in case he should die before attaining the age of 21 years without having living children, "then to the use and enjoyment of my living children and their heirs": *Held*, (1) a devise of the fee simple will not be presumed, Revisal, 3138; (2) J. would take a life estate, with remainder to his living children, if any, and otherwise the title would then revert to the estate of the testator; (3) the presumption is in favor of testacy, requiring no express devise to the living children of J.; (4) the rule in *Shelly's case* has no application.

2. Life Estates—Possession—Remainder—Limitations of Actions.

The possession of a life tenant, however long, can confer no title against the remaindermen.

Appeal by plaintiff from *Whedbee, J.,* at February Term, 1911, of Harnett.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*N. A. Townsend for plaintiff.*
*J. C. Clifford for defendant.*

Clark, C. J. Sanders P. Cox died seized in fee of the premises. The plaintiff, John C. Cox, having contracted to sell the premises to the defendant, tendered a deed and demanded the purchase money. The defendant refused to accept the deed and pay the purchase money, on the ground that the plaintiff could not make a good title in fee.

The plaintiff claims title under the following item in the will of Sanders P. Cox: "Item 3. I give and devise to Wiley M. Cox, Charles P. Farmer, and O. C. Darden and their heirs that tract of land (describing it) now owned by me, supposed to contain 430 acres, more or less, in special trust and confidence that they will allow my grandson, John C. Cox, the use

and enjoyment of the same during his life. In case he should die before he arrives at the age of 21 years and should not leave any living children at his death, then to the use and enjoyment of all my living children and their heirs."

Upon the facts agreed, as above, the judge held that the deed offered by the plaintiff did not convey a fee-simple title to the land, and that the defect would not be cured by the surviving trustee joining therein, and gave judgment accordingly.

In *Hauser v. Craft,* 134 N. C., 319, where the Court was called upon to construe an item in a will very similar to this, it was held that where there is a devise of property to A. for life, and should A. die without leaving children, then the property to be divided among the rest of the testator's heirs, A. held a life estate, with a remainder to A.'s children, and that in such case the children would not be estopped by a deed with covenant of warranty executed by the life tenant. That case presented almost the exact counterpart of the devise in *Whitfield v. Garris,* 134 N. C., 24, where the property was devised in fee to A., with a provision that if he should die without leaving children or heirs of his body, then over. In such case it was held that A. took a fee defeasible on his dying without leaving children.

It is clear that the testator in the present case intended to devise only a life estate to the plaintiff, and hence a devise in fee simple will not be presumed under Revisal, 3138. *In re Brooks' Will,* 125 N. C., 136. The rule in *Shelly's case* has no application here. *Byrd v. Gilliam,* 121 N. C., 326; *Hooker v. Montague,* 123 N. C., 154.

The testator used apt words to indicate that he intended to give only a life estate to his grandson, and allowed him to use and occupy the land during his life. At the death of his grandson the property would vest in his children, and if he left none it would revert to the estate. There is no express devise to the children of John C. Cox should he die leaving children, but in view of the presumption in favor of testacy and under a proper construction of the testator's intention, the land by implication would descend to the children of John C. Cox.

It was also held in *Hauser v. Craft,* 134 N. C., 319, that possession by the grantees of a life tenant is not adverse to the remainderman during the life of the life tenant. *A fortiori* the possession of the life tenant, however long, can confer no title as against the remaindermen.

Affirmed.

Note.—*Thompson v. Jernigan* is affirmed on authority of the above case.