E. A. BRADDY AND WIFE v. GEORGE I. DAIL, TRUSTEE, ET AL.

(Filed 20 September, 1911.)

1. Deeds in Trust—Intent of Grantor—Interpretation.

The owner of lands may convey them to a trustee for the benefit of another, with such restrictions and upon such terms as he sees proper, and the courts will construe and carry out his intent if it be not unlawful or against public policy.

2. Deeds in Trust — Intent — Interpretation—Power of Sale—Proceeds—Reinvestment—Life Estates—Remainders.

A deed in trust for the purpose, expressed in the preamble, of making provision for grantor's daughter against future contingencies, and expressing a desire that the daughter should enjoy the "proceeds, rents, and income" during her natural life, free from liabilities or interference of any one whatsoever, with a power in the body of the conveyance to convey the land "to such person or persons as she" may designate, "if in the judgment of . . . . . . . . , trustee, it is desirable to make the change, and invest the proceeds" for the daughter: *Held*, the proceeds of such sale, made in pursuance of the deed, are to be reinvested by the trustee, and held upon the uses and trusts expressed in the conveyances for the benefit of the daughter for life. Upon a sale, the daughter would not be entitled to have the value of her life estate turned over to her.

APPEAL by plaintiffs from *O. H. Allen, J.*, at June Term, 1911, of BEAUFORT.

The plaintiffs in this action are Rena E. Braddy, who before her marriage was Rena E. Thomason and a daughter of Macon B. Thomason, and her husband, E. A. Braddy; and the defendants are George I. Dail, trustee, Beulah Thomason, Jasper Thomason, Lawrence Thomason, Bonner Thomasson, and

Louise Thomason, the last five being children of Macon B. Thomason, and under the age of twenty-one years.

Macon B. Thomason was formerly the owner of the land in controversy, and on 6 April, 1906, he executed a deed in trust in the following words:

North Carolina—Beaufort County.

This indenture, made and entered into this the 6th day of April, 1906, by and between Macon B. Thomason and wife, Eliza L. Thomason, parties of the first part, and George I. Dail, as trustee, party of the second part, all of the State of North Carolina, county of Beaufort, witnesseth:

That whereas said Macon B. Thomason is desirous of making provision for his daughter, Rena E. Thomason, now of the age of sixteen years, against future contingencies and for the maintenance and support of the said Rena E. Thomason; and whereas the said Macon B. Thomason is desirous that the said Rena E. Thomason should enjoy the proceeds, rents, and income of the real estate herein more particularly described, during the natural life of the said Rena E. Thomason, free from liabilities or interference of any one whatsoever:

Now, therefore, in consideration of the premises and the sum of one dollar to him paid by the party of the second part, the receipt whereof is hereby acknowledged, the said party of the first part has bargained, sold, and conveyed, and by these presents doth bargain, sell, and convey unto the said party of the second part, as trustee, all that certain lot of land situate in the city of Washington, N. C., bounded and described as follows: [A full description is given.]

To have and to hold the above mentioned and described premises, together with the appurtenances, unto the said George I. Dail, trustee, his successors and assigns, in trust, and upon the uses, trusts, and purposes hereinafter mentioned, viz.:

First. To allow the said Rena E. Thomason to occupy the said premises free of rent so long as she can pay the taxes and assessments and repairs upon said premises; should she be unable to do so, then George I. Dail, trustee, will take charge of the premises, and rent the property, collect and receive the

rents, and out of the same to keep the premises in good order and repair, properly insured, and pay all the taxes, assessments, and charges that may be imposed thereon, and the surplus pay to the said Rena E. Thomason, and take her receipt therefor, which will serve as a proper voucher to the said George I. Dail, trustee.

Second. To convey the said land and premises to such person or persons as she, the said Rena E. Thomason, may designate, if in the judgment of George I. Dail, trustee, it is desirable to make a change, and invest the proceeds of such sale in a suitable home for my said daughter, upon the same terms and conditions as hereinbefore mentioned.

And the said Macon B. Thomason hereby declares that upon the decease of the said Rena E. Thomason, the said trusts hereby created shall cease and determine, and the land and premises above described shall be in fee simple absolute to the heirs at law of the said Macon B. Thomason, if any should be living.

And the said party of the second part doth hereby signify his acceptance of this trust, and does hereby covenant and agree to and with the said party of the first part faithfully to discharge and execute the same according to the true intent and meaning of these presents.

In witness whereof, the said parties have hereunto set their hands and seals, the day and year first above written.

M. B. THOMASON      (SEAL).

Her

ELIZA $\times$ L. THOMASON   (SEAL).

mark.

The plaintiffs and George I. Dail, trustee, purporting to act under said deed, have sold the land conveyed therein to Junius D. Grimes for $2,000, which is a full and fair price for the same. The plaintiff, Rena E. Braddy, contends that an equitable estate for life in said land was conveyed to her by said deed, and that she is entitled to have the value of the same ascertained and paid over to her, to be used as she sees fit.

The defendants deny that the deed to said Grimes is valid, but contend, if it does convey a good title, that the whole fund must be reinvested.

His Honor held that the deed of the plaintiffs and said trustee to said Grimes conveyed an estate in fee, and further adjudged:

"2. That the said George I. Dail, trustee, has no power to pay to the plaintiffs the value of the life estate of the said Rena E. Braddy, but is directed to reinvest the said sum of $2,000, the proceeds of sale to Grimes, in its entirety in another piece of property, such as he may deem proper, the title to be taken upon the identical uses and trusts set out in the deed from Macon B. Thomason and wife to George I. Dail, trustee, recorded in book 138, page 475, of the Beaufort County records."

The plaintiff excepted and appealed.

*Ward & Grimes for plaintiff.*
*C. H. Harding for guardian ad litem.*
*Small, McLean & McMullan for Dail, trustee.*

ALLEN, J., after stating the case: It is not clear that the plaintiff, Rena E. Braddy, is entitled to a life estate in the land in controversy, under the deed in trust. No estate, legal or equitable, is, in terms, conveyed to her, and a construction would be permissible that it was the purpose of the grantor to give her the rents and profits of the land for her support, and no more.

This question is not, however, raised by the appeal, and the case of *Cox v. Jernigan,* 154 N. C., 584, seems to sustain the contention of the plaintiff as to the extent of her interest.

Conceding, therefore, that she acquired an equitable estate for life under the deed, we are of opinion that this does not confer on her the right to have the value of this interest ascertained and delivered to her for her own use. As was said in *Cox v. Williams,* 58 N. C., 154, the owner of property "has the right to give it with such restrictions and upon such terms as he sees proper, and the courts are bound to carry his intentions into effect, unless there be something unlawful and against public policy." We find nothing unlawful or against public policy in the deed, and the language used, as it seems to us,

admits of but one construction as to the question in controversy.

The land is conveyed to the trustee in fee, under the act of 1879, and the trusts specifically declared. Authority is given to the trustee to convey to such person as the said Rena E. may designate, but this power is limited by the provision that the trustee must first determine that a change is desirable, so that the plaintiff cannot compel a conveyance against his judgment, honestly exercised.

The conveyance authorized is evidently one to consummate a sale of the property, as in the same sentence conferring the power the trustee is directed "to invest the proceeds of such sale." The proceeds are to be invested in a suitable home for the plaintiff, to be held "upon the same terms and conditions as hereinbefore mentioned," and upon the death of the plaintiff the trust is to determine, and "the land and premises above described" are to belong to the heirs of the grantor "in fee simple absolute." If the grantor had the right to dispose of his property as he wished, he could direct that it be sold, and, if sold, that the proceeds be invested on such terms as he thought wise and just.

He could give the use of it to the plaintiff during her life, and direct that it be held in its original form or as reinvested until her death, and then that it go to his heirs. The language indicates clearly that this was his intention.

He does not say that a part of the land shall go to the heirs, but "the land and premises above described," meaning all of it.

If the construction contended for by the plaintiff should be adopted, a serious injustice might arise.

The plaintiff is one of six children, all of whom are heirs of the grantor. At the time the deed was executed, in 1906, she was sixteen years of age, and is now twenty-one, and has an expectancy of 41.5 years. The value of her life estate in the proceeds of the sale of the land ($2,000), based on her expectancy, would be about $1,500.

If this should be ascertained and turned over to her, and she should die within a year, the money would belong to her hus-

band, and the five minor children, for whom the grantor intended property of the value of $2,000, would get $500.

We think the judgment was in accordance with law, and it is in all respects

Affirmed.