BOLLING WHITFIELD ET AL. v. McD. BOYD ET ALS.

(Filed 27 March, 1912.)

### 1. Ejectment—Rentals, etc.—Limitation of Actions.

This action to recover possession of lands known as "the Homestead," alleging want of title in the defendant, and for the recovery of rents, is held, in effect, a proceeding in ejectment, wherein the provisions of Revisal, 654, apply, that "the defendant shall not be liable for such annual value for any longer time than three years before the suit, or for damages for any such waste or other injury done before said three years, unless when he claims for improvements as aforesaid."

### 2. Same—Betterments.

In an action in ejectment, the defendant claiming for improvements put upon the land is entitled to have the betterments placed by him in good faith and without notice, assessed not to exceed the amount actually expended by him, with interest thereon, and not to exceed the increased value of the premises at the time of the assessment which has been caused thereby; and if the betterments exceed in value the rental and damages for waste, the rents and profits accruing prior to the three years may be assessed so far as to balance the improvements, but no further. Revisal, secs. 653, 654, 655, 656, 657, 658. *Reid v. Exum,* 84 N. C., 430, cited and distinguished.

**3. Same—Married Women—Homestead.**

When a married woman has brought her action in the nature of ejectment and claims rents and damages for its wrongful detention, and the defendant holding under color of title believed by him to be good has made permanent improvements, the statutes regulating the adjustments to be made under such circumstances apply (Revisal, 653, and other sections) ; and the plaintiff has no claim of homestead in preference to the defendant's lien. Revisal, sec. 408, permitting a *feme covert* to sue without joining her husband; chapter 78, Laws of 1899, repealing the exemption of married women from the statute of limitations, and the effect of the Constitution of 1868, discussed in its application to this subject by CLARK, C. J.

PETITION to rehear.

*Watson, Buxton & Watson for plaintiffs.*
*Manly, Hendren & Womack for defendants.*

CLARK, C. J. This is a petition to rehear this case, which was decided at Spring Term, 1911. The only point sought to be presented is the ruling of the referee, which was approved by the judge below, that the petitioner, McD. Boyd, was liable for rents for more than three years next preceding the commencement of the action.

In the original action the plaintiffs sought, among other things, to recover of McD. Boyd a tract of land known as the "Homestead," alleging want of title in him. The referee found that McD. Boyd had title to all the interests in said land, except that Marietta C. Sheek was entitled to recover one-fifth interest in said land with one-fifth of the rents after the death of Elizabeth C. Sheek in 1879, down to the hearing in 1906, at the rate of $80 per year, making a total of $2,080, besides interest on each installment as it yearly fell due. The defendant Boyd excepted, but the referee was affirmed by the Superior Court, and on appeal here the judgment was affirmed by a *per curiam* order, the Court being evenly divided.

Boyd duly entered of record notice of his claim to have the value of his betterments assessed in this action. We are of opinion that this action, so far as recovery of this tract of land is concerned, was in effect a proceeding in ejectment. Revisal,

654, provides that in such cases "The defendant shall not be liable for such annual value for any longer time than three years before the suit, or for damages for any such waste or other injury done before said three years, unless when he claims for improvements as aforesaid.

The statutes applicable are:

1. Revisal, 652, provides that when the court is satisfied of the probable truth of an allegation that the defendant while holding the premises under a color of title, believed by him to be good, made permanent improvements thereon, he shall be allowed for the same over and above the value and occupation of the land. The court shall suspend judgment and impanel the jury to assess the damages of the plaintiff and the allowance to the defendant for such improvements.

2. Revisal, 653. The jury in such case shall assess against the defendant the clear annual value of the premises exclusive of the use of the improvements by him, *i. e.,* the rents should be assessed upon the basis of the property without such betterments.

3. Revisal, 654. The defendant shall not be liable for such annual value or for waste and damage for a longer time than three years before suit, with the exception of the provision in the next two sections.

4. Revisal, 655. The jury shall estimate in favor of the defendant the value of the improvements made by him before notice in writing of the title under which the plaintiff claims, not exceeding the amount actually expended in making them, and not exceeding the amount to which the value of the premises is actually increased thereby at the time of the assessment.

5. Revisal, 656. If the assessment for improvements exceed the damages assessed by the jury against the defendant for said three years, the jury shall then estimate against him the rents and profits and damages for waste and injury so far as may be necessary to balance his claim for improvements. But the defendants shall not be liable for the excess of such rents and profits and damages if any beyond the value of improvements. *Barker v. Owen,* 93 N. C., 202, citing *Merritt v. Scott,* 81 N. C., 385, and *Wharton v. Moore,* 84 N. C., 479, are exactly in point.

*Reed v. Exum,* 84 N. C., 430, is not in point, because there the deed was set aside because procured by duress, and the defendant not being a *bona fide* holder, was not entitled to the equity of reimbursement out of the rents not barred by the statute of limitations before applying to payment for betterments the rents that are thus barred, as is provided for by Revisal, 656.

Sections .657 and 658 provide that the judgment shall be for the difference, if any, found in accordance with the above rules, and that any balance due the defendant shall be a lien upon the land recovered by the plaintiff.

Applying the above rules, the plaintiff was entitled to recover in no event to exceed the $80 per year for three years preceding action begun, with interest on each installment. The defendant was entitled to have the betterments placed by him upon the land in good faith and without notice assessed, not to exceed the amount actually expended by him, with interest thereon, and not to exceed the increased value of the premises at the time of the assessment which has been caused thereby. If said betterments exceed in value the three years rental, and damages for waste, the rents and profits accruing prior to the three years may be assessed so far as is necessary to balance the improvements, but no further. The defendant McD. Boyd is not liable for rents and profits and damages prior to said three years, should they exceed the value of the improvements, but if the value added to the land by him exceeds the rents and profits and damages, he is entitled to recover the *pro rata* part, one-fifth thereof, due by the plaintiff, Marietta C. Sheek. Revisal, 652.

The statute of betterments is a statutory expression of the equitable principle that when one, under title of color believed by him to be good, makes permanent improvements upon land, he shall be entitled to make use of the value thus added to the land by him, not to exceed the amount actually expended by him, after deducting for rents and profits and damages for injury to such premises for not exceeding three years prior to the action. There is no exception in the statute in favor of married women, and there should have been none. The exception of married women from the statute of limitations was repealed in 1899, chapter 78, and indeed had no logical place in our laws

after the enactment in 1868, that she could bring suit in her own name without joining her husband. Revisal, 408. That exception was to protect a married woman from being barred when she delayed to bring action, but it had no application to a cause like the present where she has brought her action and there is to be an equitable adjustment of benefits accruing to her on account of betterments placed on the property by the defendant and the rents and damages incurred by him. Indeed, the plaintiff could not claim a homestead in priority to the defendant's lien for betterments. *Barker v. Owen,* 93 N. C., 199.

The judgment heretofore entered is modified accordingly. The other defendants did not file a petition to rehear, and though one of them has filed a brief, it cannot be considered.

Petition allowed.

BROWN, J., did not sit.