IN RE WILL OF W. H. BATEMAN.

(Filed 17 February, 1915.)

1. Wills—Caveat—Laches.

The right to caveat a will may be lost by laches of the caveators in failing for a number of years to file the caveat, as where they knew of the probate of the will, lived in the same county or adjoining county to that of the probate, that the beneficiaries of the will had promptly entered into possession of the property as rightful claimants and had continued therein for twenty-six years.

2. Same—Married Women—Interpretation of Statutes—Limitations of Actions.

The laches which will defeat the right of an heir at law of the deceased to file a caveat to his will will now also defeat the right of such who is a married woman, for she is put to her action by Revisal, sec. 408, though the statute of limitations was not repealed as to married women until 1899 (ch. 78). Under the seven-year statute of 1907 (Pell's Revisal, sec. 3135) a married woman is required to bring her action or file her caveat within three years after becoming discovert.

APPEAL by Mary Patrick, caveator, from *Carter, J.,* at December Term, 1914, of TYRRELL.

*I. M. Meekins for caveator.*
*Mark Majette and Pruden & Pruden for propounders.*

CLARK, C. J. The intestate, Wilson H. Bateman, died in 1886, leaving a last will and testament dated 21 June, 1886, which was duly probated 8 October of the same year, and one of the devisees qualified as administrator. Caveat to this will was filed 17 December, 1912, more than twenty-six years after the probate of the will.

The caveator, Mary Patrick, at the time of the death of her brother, the testator, Wilson H. Bateman, was living within 2½ miles of him in the same county, and continued to live there from the death of the testator to the present time, except two years when she lived in the adjoining county of Pasquotank. She knew of the probate of the will and the qualification of the administrator; that the devisees had taken possession of the property devised, and that they and those who claim under them have remained in such possession up to the present time.

It also appears from the record that almost every one of the other heirs of the testator who would have shared with the caveator and the devisees in the will as tenants in common, if there had been no will, were residents of Tyrrell County and knew of the execution and probate of the same.

The caveator, though a married woman at the death of her brother, has been a widow since 1907, and this caveat was filed in 1912. The record also shows that the devisees named in the will have sold to third persons for value much of the property devised to them, and these in turn have sold to others, who are the present owners and who have acquired the property for valuable consideration. No effort was made to set aside this will by the caveator till the filing of this caveat.

*In re Beauchamp's Will,* 146 N. C., 254, the Court held that the caveat under similar circumstances to these was barred by the *laches,* and *In re Dupree's Will,* 163 N. C., 256; acquiescence and unreasonable delay for twenty-three years—a shorter period than in this case—were held to bar the caveat attempted to be filed. We can add nothing to what has been said in those two cases, which are exactly in point.

The Court called attention in those cases to the fact that until the act of 1907, ch. 862, now Pell's Revisal, 3135, there was no statute of limitations, and that the caveat was barred by reason of the laches. Though the caveator was a married woman, she was authorized to bring an action by Revisal, 408 (1), and therefore is liable for her laches, though by some strange oversight the statute of limitations as to married women was not repealed until chapter 78, Laws 1899. Even under the seven

years statute of limitations of 1907, Pell's Revisal, 3135, the plaintiff would have been required to bring an action or file a caveat within three years after becoming discovert, which she did in 1907. *In re Lloyd,* 161 N. C., 557.

The judgment dismissing the action is
Affirmed.