## Dyer v. Dyer, et al.

(Decided November 4, 1915.)

### Appeal from Union Circuit Court.

Eminent Domain—Damages Where Land Subject to Life Estate.— The owner of a life estate in land taken by right of eminent do-

main is entitled to a life estate in the money received as damages.

P. H. WINSTON and ALLEN & ALLEN for appellant.

MORTON & MORTON for appellees.

OPINION OF THE COURT BY JUDGE HANNAH.—Reversing.

John M. Dyer died intestate, domiciled in Union County, the owner of several hundred acres of land therein, and survived by a widow and a number of children. A portion of these lands was allotted to the widow as her dower. This dower allotment comprised 256 acres.

On April 7, 1913, the West Kentucky Coal Company instituted a proceeding in the Union County Court against Mrs. Dyer and her children and the children of John M. Dyer by a former marriage, to condemn 1.51 acres of this 256 acre dower tract, for railroad purposes. Such proceedings were had in the Union County Court and in the Union Circuit Court as resulted in a recovery of damages in the sum of $4,034.13 net to the widow and heirs. See West Kentucky Coal Co. v. Dyer, 161 Ky., 407, 170 S. W., 967.

The parties to this appeal then agreed that the widow should take absolutely and in fee simple the cash value of her dower right in the sum awarded to them as damages, it being stipulated that she was sixty-five years of age and in reasonably good health and strength and having the ordinary expectation of life for one of her age.

Upon this agreement the lower court adjudged to her 15.3% of the recovery, and from that judgment she appeals.

1. The lower court in fixing the amount due the widow out of said fund seemingly used Table IV. found on page 2466 of Kentucky Statutes, 1915 Edition, and approved in O'Donnell v. O'Donnel, 3 Bush, 216, and Alexander v. Bradley, 3 Bush, 667. This table shows the value of a widow's dower where the sum or fund involved is subject thereto, that is, prior to any allotment of dower. Such is not the present case. In this case, dower had been previously allotted appellant and the fund in hand represents the diminution in value of the dower allotment, that is to say, the whole of the 256 acres of land allotted to her as dower and in which she has a life estate, has diminished in value to the extent of $4,034.13. As she was

entitled to the use of the 256 acres of land during life, in the condition in which it was at the time of the allotment, she is entitled to the use during life of the fund which represents its diminution in value; or, as the parties have in this case agreed, to the present cash value of the use of that fund during life.

The rule is that the owner of a life estate in land condemned for a railroad right of way is entitled to a life estate in the money received as damages in the condemnation proceedings. K. C. S. & M. Ry. Co. v. Weaver, 86 Mo., 473; Miller v. Asheville, 112 N. C., 769, 16 S. E., 765; In Re Camp, 126 N. Y., 377, 27 N. E., 799; Diehl v. Cotts, 48 W. Va., 255, 37 S. E., 546; Lewis on Eminent Domain, Section 717.

In ascertaining the present cash value of Mrs. Dyer's life estate in the $4,034.13 the lower court should have used Table III., shown on page 2465, Kentucky Statutes, 1915 Edition, which table shows the present cash value of a life right in the income of a fund. Mrs. Dyer's age being 65, and her physical condition being normal, she would be entitled to 45.1% of the fund.

The judgment is therefore reversed, with directions to enter a judgment conforming to this opinion.