## STUBBS v. UNITED STATES.

### WATSON et al. v. SAME.

District Court, M. D. North Carolina, Greensboro Division.

Jan. 24, 1938.

Harry Rockwell and Sidney J. Stern, both of Greensboro, N. C., for plaintiff.

Carlisle Higgins, U. S. Atty., of Greensboro, N. C., and E. Randolph Preston, Sp. Asst. to the Atty. Gen., for the United States.

HAYES, District Judge.

These two actions were brought January 7, 1937, under the Tucker Act, U.S.C.A.

title 28, § 41 (20), to recover the "just compensation" for real estate taken by the United States for a military camp under its power of eminent domain. Mrs. Stubbs owned a life estate in it during the life of her husband, and the remainder went to his living children at the time of his death. He died June 26, 1933, the United States took the land June 24, 1919, and has exercised absolute dominion over it since that time. Mrs. Stubbs seeks to recover the value of her life estate, while the other plaintiffs seek to recover the value of the land at the time it was taken in 1919, with interest from June 26, 1933, when the life estate terminated.

The United States took the land and thereafter filed condemnation proceedings, but the proceedings did not continue to an appraisal for the reason that the parties in interest (except Mrs. Stubbs, whose interest seemed to have been unknown to any one; for her husband had deeded her his life estate and the deed was on record, but she did not know it until after his death) through E. A. Harrill, state court commissioner, agreed to take, with the approval of the state court commissioner, and the United States paid, the sum of $3,846 for the land, and the decree was entered confirming the sale and dismissing the proceedings.

Mrs. Stubbs alleges she was never a party to any of these proceedings in the state or federal court, and the other plaintiffs allege they were not served with process and were not parties either in the state or federal court proceedings.

The United States moved to dismiss the actions because they were not begun in accordance with the limitations under the Tucker Act and the proceedings in the state and federal courts were not subject to collateral attack.

The plaintiff Mrs. Stubbs contends she had no knowledge of the deed to her until after the death of her husband, while the others insist that, as remaindermen, they might have sued, but were not compelled to do so until the termination of the life estate.

The defendants contend that the right accrued in favor of all the plaintiffs at the moment of taking, to wit, June 24, 1919, and that suit would have to be brought within six years from that date, except in disabilities, and in those cases within three years from the removal of the disabilities.

Of course the motion to dismiss conceded the truth of all facts properly pleaded, and the court must assume that the plaintiff would be able to prove them. Ickes v. Fox, 300 U.S. 82, 96, 57 S.Ct. 412, 417, 81 L.Ed. 525. The pleadings merely refer to the judgments and decrees entered in both the state and federal courts, but expressly allege plaintiffs were never parties thereto. If these allegations are true, the judgments are void, because it is elementary that a judgment cannot bind a person who is not a party to the suit, and an attack by him on such a judgment is not collateral. Springer v. Shavender, 116 N.C. 12, 21 S.E. 397, 33 L.R.A. 772, 47 Am.St.Rep. 791; Stafford v. Gallops, 123 N.C. 19, 31 S.E. 265, 68 Am.St.Rep. 815; 15 R.C.L. § 317. As to judgments for sale of land of minors, see Buncombe County v. Cain, 210 N.C. 766, 188 S.E. 399; Bigelow v. Old Dominion Copper Min. & Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009, Ann. Cas.1913E, 875. While there are authorities to the effect that the recitals in judgments protect purchasers at judicial sales against collateral attack, still I do not think those decisions justify closing the door to judicial inquiry where it is alleged that the parties in interest were never parties to it. Before a person ought to be bound by a judgment he must be a party of whom the court acquires jurisdiction by voluntary appearance or by service or notice in accordance with the practice of the court where his property is situate. To hold otherwise would deprive a person of his property without due process; conclude his rights without a hearing which is repugnant to the law of the land. The motion to dismiss for this cause is denied.

The motion to dismiss for failure to sue within the time specified in the Tucker Act presents insurmountable difficulties for each plaintiff. The United States can be sued only by its consent and upon the conditions Congress imposes. The sovereign power of the United States entitles it to take private property for public use. The Fifth Amendment requires it to pay "just compensation." Just compensation includes the value when taken, with interest until payment. Jacobs v. United States, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142, 96 A.L.R. 1, correcting the measure of damages stated in United States v. North American Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935. And the remedy of the property owner is contained in the Tucker Act. Jacobs v. United States, supra.

1010

█ The right accrues when the private property is taken by an official authorized by law to take it, and the time for bringing suit starts then. Jacobs v. United States, supra. The Act, 28 U.S.C.A. § 41 (20), provides that: "No suit against the Government of the United States shall be allowed under this paragraph unless the same shall have been brought within six years after the right accrued for which the claim is made. The claims of married women, first accrued during marriage, of persons under the age of twenty-one years, first accrued during minority * * * shall not be barred if the suit be brought within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively."

█ The bringing of the suit during the time prescribed is jurisdictional. Compagnie Generale Transatlantique v. United States, 2 Cir., 51 F.2d 1053; Carpenter v. United States, 2 Cir., 56 F.2d 828. See, also, United States v. John K. & Catherine S. Mullen Benevolent Corporation, 9 Cir., 63 F.2d 48, 56; John K. & Catherine S. Mullen Benevolent Corporation v. United States, 290 U.S. 89, 54 S.Ct. 38, 78 L.Ed. 192. The pleadings should not only allege a cause of action, but that it is brought within the time prescribed by statute. The statutory requirement embraces all that is implied in limitations of actions it is true, but it goes beyond this by requiring action, if taken at all, within the time; a condition upon which the right can be asserted.

█ There is no disability of coverture in North Carolina with respect to the sole property of married women, N.C.Code 1935, § 454, and statutes of limitations run against her in cases where she has the power to sue alone. Whitfield v. Boyd, 158 N.C. 451, 74 S.E. 452; In re Bateman's Will, 168 N.C. 234, 84 S.E. 272; Sipe v. Herman, 161 N.C. 107, 111, 76 S.E. 556. Even if her marriage tolled the statute, she failed to start her action within three years after the death of her husband, and is clearly barred. Ignorance of the facts constituting the cause of action is no excuse for failure to bring it within the time. Harper v. Harper, 4 Cir., 252 F. 39, and it is generally regarded as settled law that the statute of limitations will run from the accrual of the cause of action notwithstanding such ignorance. 37 C.J. 969.

█ It appears from the complaint that each plaintiff failed to sue within three years after reaching the age of twenty-one years. They contend that they were not compelled to sue until the termination of the life estate; that the right did not accrue until then and that the suit was commenced within six years, from the date, relying on authorities holding that adverse possession during the existence of the life estate cannot be counted against them. Hauser v. Craft, 134 N.C. 319, 46 S.E. 756; Cox v. Jernigan, 154 N.C. 584, 70 S.E. 949; Staton v. Mullis, 92 N.C. 623; Maynard v. Sears, 157 N.C. 1, 72 S.E. 609. But this is not a case of adverse possession; it is a suit to recover just compensation for the taking of private property by the sovereign under its power of eminent domain which is quite different from one individual trying to take another's property. The right of the government to take is admitted. The remedy of the owner is compensation, and the machinery for enforcing that remedy is the Tucker Act. Hurley v. Kincaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637. The cause of action accrued therefore when the property was taken by an officer authorized to take it. Remaindermen were under no disability recognized by that act. Courts can recognize no disability other than those enumerated.

█ Suit could have been brought by the remaindermen for the value of their estate taken. It is the general rule that life tenants and remaindermen may sue for the value of property taken for public use. Jones v. Asheville, 116 N.C. 817, 21 S.E. 691; Cherry v. Canal Co., 140 N.C. 422, 53 S.E. 138, 111 Am.St.Rep. 850, 6 Ann. Cas. 143; 20 C.J. 854.

"Possession is not necessary to the maintenance of proceedings to enforce the constitutional right of compensation for the taking of private property by eminent domain, and when the premises taken are in the possession of tenants for life or years, the remainderman or reversioner must be compensated for the destruction of his interest." Nichols on Eminent Domain, page 341, 2d Ed. Under the statutes and decisions of North Carolina, the court has power to determine rights of adverse and conflicting claimants. N.C.Code 1935, § 1727. The method of ascertainment is set out in Miller v. Asheville, 112 N.C. 769, 16 S.E. 765. Even the statute of limitations bars the remaindermen from suing if they fail to sue within three years from the accrual of the cause of action. Cherry v.

Canal Co., supra. Compare Nash v. Shute, 184 N.C. 383, 114 S.E. 470; Balcum v. Johnson, 177 N.C. 213, 217, 98 S.E. 532; Loven v. Roper, 178 N.C. 581, 101 S.E. 263; Joyner v. Conyers, 59 N.C. 78.

The motion to dismiss is granted.