The plaintiffs allege they are the sons of Bruce Snipes, a resident of Forsyth County, who died intestate in 1924.
Moses Shapiro was appointed administrator of the estate of Bruce Snipes on 7 May, 1929.
In 1932, Moses Shapiro, administrator of the estate of Bruce Snipes, deceased, instituted a proceeding in the Superior Court before the Clerk entitled as follows: "Moses Shapiro, Administrator of Bruce Snipes, *Page 778 
deceased, v. James W. Snipes, et als." The defendants in the proceeding included the brothers and sisters of Bruce Snipes, deceased, and others, including these plaintiffs. It is alleged that at the time of the institution of the proceeding, John Spurgeon Snipes was 13 years of age, and was residing in Oxford, N.C. and that William Henry Snipes at the time said proceeding was instituted was 11 years of age and resided at Newton, N.C. and that said administrator knew, or could have ascertained by the slightest inquiry from the other defendants, of their whereabouts. A guardian ad litem was appointed for these minors, but no summons was served upon either of them, personally or by publication, as required by law. Thereafter an issue as to whether or not these plaintiffs were the sons of Bruce Snipes, deceased, was submitted to a jury and answered in the negative. Whereupon the administrator proceeded to pay substantially all of the assets of the estate of Bruce Snipes, deceased, to his brothers and sisters.
On October 27, 1939, J. M. Wells, Jr., was appointed administrator d. b.n. of Bruce Snipes, deceased, Moses Shapiro having died some time prior thereto.
It is further alleged that this action was instituted promptly by these plaintiffs against the administrator of the estate of Moses Shapiro, deceased, and the bondsmen of Moses Shapiro as administrator of Bruce Snipes, deceased, after they ascertained that Bruce Snipes had left an estate.
The plaintiffs seek to have the judgment adjudging them not the children of Bruce Snipes vacated and set aside and that they be adjudged the legitimate sons of Bruce Snipes and entitled to his estate, and for judgment against Estates Administration, Inc., administrator of Moses Shapiro, deceased, and the bondsmen of Moses Shapiro, administrator of Bruce Snipes, deceased, namely, A. Shapiro, M. Sosnik and S. Sosnik, for the sum of $4,618.13, together with interest at the rate of 6% from 1 January, 1932.
The defendants appeal from the refusal of his Honor to dismiss the action on the ground that it should have been instituted by J. M. Wells, Jr., administrator d. b. n. of the estate of Bruce Snipes, deceased, and upon the further ground that his Honor granted the motion of the plaintiffs to make J. M. Wells, Jr., administrator d. b. n. of the estate of Bruce Snipes, deceased, a party defendant.
It must be conceded that the plaintiffs cannot maintain this action if the court erred in making J. M. Wells, Jr., administrator d. b. n. of the estate of Bruce Snipes, deceased, a party defendant. If *Page 779 
the allegations of the complaint are true, and the administrator d. b. n. had knowledge of the facts alleged, it was his duty to have brought an action for the relief sought herein. However, it does not appear from the record that the administrator d. b. n. of the estate of Bruce Snipes, deceased, was consulted prior to the institution of this action. He was requested by the plaintiffs to bring an action for the relief sought herein, after this action was instituted, but he declined to do so, whereupon he was made a party defendant in the pending action.
Under our decisions an appeal lies from an order of the Superior Court either making or refusing to make additional parties, when such order affects a substantial right of the appellant. Rollins v. Rollins,76 N.C. 264; Stephenson v. Peebles, 77 N.C. 364; Lytle v. Burgin,82 N.C. 301; Keathly v. Branch, 84 N.C. 202; Merrill v. Merrill,92 N.C. 657; Jones v. Asheville, 116 N.C. 817, 21 S.E. 691.
It has been held, as stated in the case of Street v. McCabe, 203 N.C. 80,164 S.E. 329, that "Whenever objection is made the court has no authority to convert a pending action which cannot be maintained into a new and independent action by admitting a party who is solely interested as plaintiff. It is not permissible, except by consent, to change the character of the action by the substitution of one that is entirely different. Merrill v. Merrill, supra; Clendenin v. Turner, 96 N.C. 416;Hall v. R. R., 146 N.C. 345; Bennett v. R. R., 159 N.C. 345; Reynoldsv. Cotton Mills, 177 N.C. 412; Jones v. Vanstory, 200 N.C. 582."
The appellant contends that the making of the administrator d. b. n. of the estate of Bruce Snipes, deceased, a party defendant, converts the pending action into a new one and that under the decision of Merrill v.Merrill, supra, the action must be dismissed. We cannot so hold. In theMerrill case, supra, J. R. Merrill died intestate in 1866, and John Merrill was duly appointed administrator of his estate. In 1873, the next of kin of J. R. Merrill instituted an action against John Merrill, administrator of the estate of J. R. Merrill, deceased, for the purpose of obtaining an account and settlement of the estate. Repeated orders of reference were entered, reports made, and each in its order set aside. John Merrill died in 1881. Perry Merrill was duly appointed administrator of the estate of John Merrill, deceased, and named defendant in the action. Afterwards, at the Fall Term, 1883, by consent of all parties, the action was again referred. On 24 August, 1884, Edward Shipman was duly appointed administrator d. b. n. of the estate of J. R. Merrill, deceased, and thereafter applied to the court to be made a party plaintiff in the pending action. The request was granted and the defendant appealed. The Court said: "It appears from the record, that the plaintiffs, the next-of-kin of J. R. Merrill, deceased, had a cause of action against the administrator of his estate, John Merrill, but when the latter *Page 780 
died, pending the proceeding and before he had completed his administration, their cause of action against him did not survive against the administrator of his estate, the present defendant. The defendant, as administrator, held and was charged with any assets in his hands belonging to the estate of J. R. Merrill, not for his next-of-kin, but solely for the administrator de bonis non of his estate. It is well settled upon principle and authority, that the law does not vest the title to the property of a person who dies intestate in his next-of-kin, but in his administrator. If the administrator should die before he had completed the administration, the title to such property does not vest in his administrator, but in the administrator de bonis non of the first intestate, and so on indefinitely, until the estate in the hands of the first, or some subsequent administrator de bonis non, shall be completely settled and distributed according to law. The next-of-kin of the intestate, cannot proceed against the administrator of his deceased administrator for a settlement and their distributive shares; they must go against the administrator de bonis non of the intestate whose distributees they are, and plainly, because the title to the assets, in whatever shape to be distributed, is in him. To this effect, without exception, are all the decisions upon this subject in this State, as well those decided before, as those decided after the adoption of The Code method of procedure, blending law and equity." The Court further held that: "The next-of-kin plaintiffs . . . had a cause of action at the time the action began against his intestate, who was the administrator under whom they claim as distributees; when he died, their cause of action did not survive against his administrator, but against the administrator debonis non of the intestate under whom they claim. This action did not necessarily abate — they might have made the administrator de bonisnon a party defendant; indeed, they ought to have done so, as he was the only person whom they could then properly sue — the law vested the title to the assets in him, and to him they must look for their distributive shares." Therefore, it is apparent that the action would not have been dismissed if the administrator d. b. n. of the estate of J. R. Merrill had been made a party defendant instead of having been made a party plaintiff. Consequently, under the facts disclosed on this record and in view of the character of the relief sought, it is proper but not mandatory that the administrator d. b. n. shall bring the action, but it is necessary for him to be a party to the action, either as the plaintiff or as a party defendant, in order to prevent a dismissal thereof. Wilson v. Pearson,102 N.C. 290, 9 S.E. 707; Hardy v. Miles, 91 N.C. 131; Lansdell v.Winstead, 76 N.C. 366. The better, and more orderly, procedure is for the next of kin to bring such action only after the administrator d. b. n. has refused to do so. However, we are not advertent to any case, and the appellants cited none, where this Court had dismissed an action of *Page 781 
this character brought by the next of kin, for lack of necessary parties, where the administrator d. b. n. was named a party defendant.
In the case of Hardy v. Miles, supra, the action was brought in the identical manner adopted by these plaintiffs, for the purpose of securing a distributive share of the estate of William Miles, deceased, and to vacate and set aside a decree against the plaintiff, entered in a proceeding in the course of the administration of the estate, to which the plaintiff alleged he was not a party. The defendant in the action was the administrator of the deceased executor of the last will and testament of William Miles, deceased, who appealed from an adverse verdict. This Court held: "The plaintiff's action cannot be sustained with the present parties. We hold that the administrator de bonis non, cum testamento annexo, of William Miles, deceased, is a necessary party. But, so voluminous is the record in the case, . . . to save the parties the repetition of the trouble and vexation they have already encountered, we are of the opinion it is just and proper that the case should be remanded that amendments should be made, so as to make the administrator d. b. n. of William Miles a party to the action. . . . But in Murphy v. Harrison, 65 N.C. 246, it is held that where the administrator refuses to bring an action to surcharge and falsify an account, by which the estate of his intestate has been injured, the legatees or next of kin may bring the action; but in doing so, they must make the administrator or executor a party defendant. This case would seem to come within the principle decided in that case. There, the administrator refused to act, and he could not be made a party plaintiff without his consent, and yet the plaintiffs, the next of kin, had a right to have the account surcharged and falsified. Here, there is no administrator d. b. n. joined in the action, whether because there was none, or, if one, he refused to act, does not appear; but the plaintiff has sustained a wrong which the law would not be true to itself if it did not furnish him a remedy to redress. . . . Our conclusion is that the cause should be remanded to the Superior Court that the administrator de bonis non, cumtestamento annexo, of William Miles, if there be one, may be made a party defendant; and if not, that he may be made a party when appointed."
In the instant case the court below has done what this Court said was necessary to be done in the above case, in respect to parties, in order to maintain the action.
In the case of Tulburt v. Hollar, 102 N.C. 406, 9 S.E. 430, cited in appellant's brief, it appears that the administrator d. b. n. of the intestate of the deceased administrator was not a party to the action. While the Court said it was not necessary to determine the question, it did state, relative to an action by the next of kin against the administrator of a deceased administrator, that the action cannot be maintained by the next of kin, distributees or creditors. The case did not, however, pass *Page 782 
upon whether or not the action might have been maintained if the administrator d. b. n. of the estate of J. N. Tulburt, deceased, had been made a party defendant. It will be noted that in the case of Lansdell v.Winstead, supra, and cited with approval in Ham v. Kornegay, 85 N.C. 119, it is said: "The rule is inflexible that the next of kin cannot call for an account and distribution of an intestate's estate without having an administrator before the Court."
In the present action, if the relief sought is obtained, the assets of the estate of Bruce Snipes, deceased, will not be recovered by these plaintiffs directly, but said assets will belong to J. M. Wells, Jr., administrator d. b. n. of said estate and administered by him as provided by law, and the plaintiffs will receive from said administrator their distributive share of said estate.
Where the ends of justice require it, the Court may remand a cause to the end that a necessary party or parties may be brought in, in order to maintain the action. Cheshire v. First Presbyterian Church, 221 N.C. 205,19 S.E.2d 855; Hardy v. Miles, supra.
We have carefully considered all the cases cited by both the appellants and the appellees in their excellent briefs, and we are of the opinion that, on the facts disclosed in this record, the order of the court below refusing to dismiss the action and granting plaintiffs' motion to make J. M. Wells, Jr., administrator d. b. n. of the estate of Bruce Snipes, deceased, a party defendant, should be
Affirmed.